Kevin James VESCHI, Appellant,

v.

Mark STEVENS, Appellee.

No. 04–92–00658–CV.

Court of Appeals of Texas,
San Antonio.

Sept. 15, 1993.

Kevin James Veschi, pro se.

Cathy J. Sheehan, Nancy L. Farrer, Plunkett, Gibson & Allen, Inc., San Antonio, for appellee.

Before REEVES, C.J., and GARCIA and DIAL, JJ.

## OPINION

DIAL, Justice.[1]

This is a suit for legal malpractice. Kevin Veschi, a convicted criminal defendant, sued Mark Stevens, his appointed appellate counsel. The trial court granted summary judgment for attorney Stevens. We will affirm.

Veschi was convicted of burglary of a habitation. Punishment was assessed at ninety-nine years' confinement and a $10,000.00 fine. The conviction was affirmed by this court in an unpublished opinion. In the opinion the State's evidence was summarized thusly:

> The evidence connecting appellant to the Wolff burglary was substantial and persuasive. [An accomplice] described the episode in great detail. Witnesses placed the Wolff piggy-bank and large-screen television in appellant's hands either immediately or shortly after the theft. Concerning punishment, appellant had five prior felony convictions for the jury to consider in addition to his brazen commission of the Wolff burglary using two stolen cars in broad daylight.

Veschi had both appointed counsel and retained counsel defending him in the burglary trial. Stevens was appointed to represent Veschi on the appeal of his conviction. Stevens filed a forty-eight page brief urging sixteen points of error and argued orally before the court of appeals. Stevens also filed a petition for discretionary review in the court of criminal appeals. Review was denied.

Veschi then filed this suit against Stevens asserting seven allegations of negligence. Four involved points of error that Veschi contended should have been included in the appellant's brief. These four points of error are not carried forward as issues in this appeal. The other three alleged negligence in failing to obtain a complete statement of facts on appeal.

Stevens filed a motion for summary judgment and a supplementary motion for summary judgment. Each was accompanied by affidavit evidence of expert witnesses attesting to Stevens's adherence to the standard of care that would be exercised by a reasonably prudent attorney. The affidavits also included opinions that none of the alleged acts of negligence was causally connected to Veschi's damages. Veschi did not file a response to Stevens's motions for summary judgment. Instead, Veschi filed his own motion for partial summary judgment. It did not contain summary judgment proof that factually disputed Stevens's evidence.

The trial court granted Stevens's motion for summary judgment and supplemental motion for summary judgment. It ordered that Veschi take nothing and that Stevens recover his court costs. The order did not specify the basis for the judgment.

Veschi filed a pro se appellant's brief. We liberally construe his points of error in the context of his entire brief. TEX.R.APP.P. 74(p). Essentially Veschi is contending that the facts are undisputed that Stevens did not timely file a complete statement of facts on appeal. He concludes this entitled him to a partial summary judgment and that Stevens failed to carry the burden showing Veschi could not prove his cause of action. Veschi does not assert that there are material questions of fact precluding summary judgment. Veschi does complain that Stevens's affidavit evidence contained opinions and conclusions and that the trial court considered matter outside the record at the summary judgment hearing.

An attorney malpractice action in Texas is based on negligence. A lawyer in Texas is held to the standard of care that would be exercised by a reasonably prudent attorney. The plaintiff must prove the attorney breached his duty to his client and that the breach proximately caused damages to the plaintiff. *Cosgrove v. Grimes*, 774 S.W.2d 662, 664–65 (Tex.1989). The same standards applicable to legal malpractice in a civil case would also be applicable to legal malpractice in a criminal case. *Tijerina v. Wennermark*, 700 S.W.2d 342, 344 (Tex. App.—San Antonio 1985, no writ).

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T

CODE ANN. § 74.003(b) (Vernon 1988).

As movant for summary judgment, Stevens had the burden of disproving one or more elements of Veschi's cause of action against him. He did this by his own affidavit and that of an expert witness attorney stating that Stevens adhered to the standard of care that would have been exercised by a reasonably prudent attorney. This equated to no negligent breach of duty. This evidence was not controverted.

Texas Rules of Civil Procedure 166a(c) states in pertinent part:

A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

We have reviewed the affidavits of Stevens and his other expert witness, Charles Butts, both certified specialists in criminal law by the Texas Board of Legal Specialization. We find the affidavits completely satisfy the requirement of rule 166a(c) quoted above.

■ The testimony of an expert of only legal conclusions is insufficient to support summary judgment as a matter of law. *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex. 1991). Here the affiants have carefully included the legal basis and reasoning for their opinions. This being legally sufficient evidence to support summary judgment, it then became incumbent on Veschi to produce other expert testimony to controvert the claims. *Id.*

■ Veschi complains that since he is in prison, he is unable to secure the necessary affidavits to justify his opposition. He seeks relief under Texas Rules Civil Procedure 166a(g) which says the court may refuse judgment when affidavits are unavailable to the party opposing the motion. This is addressed to the sound discretion of the trial court. If incarceration is sufficient reason for not securing controverting affidavits and concomitantly a sufficient basis for denying summary judgment, then any inmate of a similar mind to Veschi could effectively nullify summary judgment practice. While Veschi has extracted from the justice system every possible right, this is asking too much. He chose to bring this lawsuit and should expect to adhere to the rules of procedure. The trial court did not abuse its discretion in failing to find that controverting affidavits were unavailable to Veschi.

■ Stevens also contended that nothing he did was a proximate cause of damage to Veschi. In cases of appellate legal malpractice the determination of causation requires determining whether the appeal in the underlying action would have been successful. Veschi must show that but for Stevens's negligence he would have prevailed on appeal. The issue is to be resolved by the court as a question of law. *Millhouse v. Wiesenthal*, 775 S.W.2d 626, 627–28 (Tex. 1989).

■ The facts relating to the incomplete statement of facts are again undisputed. Though he had previously requested that a complete statement of facts be transcribed and filed, Stevens was unaware till after he had filed his appellate brief that a portion of the record had not been transcribed. He was granted permission to supplement the record. A supplemental statement of facts was filed with the court of appeals before it rendered its opinion. Nothing in the opinion indicates that any point of error in the case was overruled because of incompleteness of the record. Veschi complained in his supplemental petition in this lawsuit that there were still certain pretrial hearings that had never been transcribed or filed as part of the statement of facts. Stevens had the missing portions of the record transcribed and included that as part of his summary judgment proof. They are likewise included in the record before this court on appeal. We have reviewed the transcription of the pretrial hearings and determine beyond a reasonable doubt that they contain nothing erroneous that would have made a contribution to Veschi's conviction or punishment. TEX.R.APP.P. 81(b)(2).

Veschi's final complaint concerns oral argument by Steven's attorney at the hearing

on the motions for summary judgment. There is a vague allegation that some reference was made to Veschi filing an application for writ of habeas corpus with the court of criminal appeals.

■ Counsel, on submission of summary judgment evidence, may be permitted to present argument. *Dillard v. Patel,* 809 S.W.2d 509, 512 (Tex.App.—San Antonio 1991, writ denied). But a hearing on a motion for summary judgment is purely one of law. The trial court must decide if the movant is entitled to judgment based on the written record before it—the same one that will be reviewed by the appellate court. *Cronen v. Nix,* 611 S.W.2d 651, 652 (Tex.Civ. App.—Houston [1st Dist.] 1980), *cert. denied,* 454 U.S. 833, 102 S.Ct. 132, 70 L.Ed.2d 112 (1981). The trial court is not authorized to hear or receive oral evidence at the time of the hearing or give consideration to any material not before it in the record. *Wales v. Williford,* 745 S.W.2d 455, 457 (Tex.App.— Beaumont 1988, writ denied).

■ Veschi has not provided us with a transcription of the argument of which he complains. If he is serious in his contention that the trial court actually considered the statements of counsel, the appellate presumption is that material omitted from the record supports the trial court's judgment. *Cantu v. Western Fire & Casualty Ins. Co.,* 723 S.W.2d 668, 668 (Tex.1987).

Since the task of the trial judge was to determine entitlement to summary judgment as a matter of law based on the record before him, we conclude that he did not consider matters extraneous to the record.

The summary judgment proof establishes as a matter of law that Stevens did not breach a duty to Veschi. The summary judgment evidence further establishes as a matter of law that Stevens did not proximately cause any damages to Veschi.

The judgment of the trial court is affirmed.