**Truman HALL, Individually and As Next Friend of His Daughter, Kimberly Hall, a Minor, Appellant,**

v.

**Dan RUTHERFORD, Appellee.**

No. 04–94–00502–CV.

Court of Appeals of Texas,
San Antonio.

Sept. 13, 1995.

Rehearing Overruled Oct. 30, 1995.

B. Mills Latham, Pruett Moore, III, Law Offices of B. Mills Latham, Corpus Christi, for Appellant.

Cathy J. Sheehan, Jerry A. Gibson, Plunkett, Gibson & Allen, Inc., San Antonio, for Appellee.

Before CHAPA, C.J., and HARDBERGER and DUNCAN, JJ.

## OPINION

CHAPA, Chief Justice.

### Procedural History

This is appellant's second appeal of this cause to this court. Originally, in 1991, we affirmed summary judgment on behalf of appellee in cause number 04–91–012–CV based on our finding that appellant failed to controvert the lack of proximate cause which we presumed was established in appellee's affidavit, from which pages were missing in the record. On rehearing, the missing pages were found. We then reversed the summary judgment on the basis that the appellee's summary judgment affidavits were legally insufficient because they were conclusory.

On remand, appellee moved for summary judgment on the basis of a new expert witness affidavit. The trial court again granted summary judgment, which appellant appeals on two points of error. Appellee replies with four cross-points.

### Factual Background

Appellee Rutherford represented appellant Hall in a medical malpractice claim against the United States under the Federal Tort Claims Act, which was tried unsuccessfully to the bench. Appellant's daughter Kimberly Hall was born at Wilford Hall Medical Center and underwent emergency surgery to

correct a serious birth defect. Hall contended that Kimberly suffered vocal cord paralysis as a result of the negligence of the physicians or technicians during or immediately after the surgery. After losing in the federal district court, Hall sued Rutherford for legal malpractice, alleging three bases: (1) Rutherford failed to plead and prove a claim for informed consent; (2) Rutherford failed to designate certain fact witnesses and call a Dr. Kosoy to testify; and (3) Rutherford failed to properly investigate important information regarding Hall's claims.

## Analysis

The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972); Tex. R.Civ.P. 166a(c). In deciding whether a disputed material fact issue precludes summary judgment, the reviewing court will take as true all evidence favoring the nonmovant. *Nixon,* 690 S.W.2d at 549; *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984). Every reasonable inference from the evidence will be indulged in favor of the nonmovant, and any doubts will be resolved in his favor. *Nixon,* 690 S.W.2d at 549; *Montgomery,* 669 S.W.2d at 311.

▆ A legal malpractice action in Texas is based on negligence. *Cosgrove v. Grimes,* 774 S.W.2d 662, 664 (Tex.1989). The elements of a legal malpractice claim are: (1) a duty, (2) a breach of duty, (3) the breach proximately caused the injury, and (4) resulting damages. *Id.* at 665. When a legal malpractice claim arises from prior litigation, the plaintiff has the burden to prove that but for the attorney's negligence, he or she would be entitled to judgment, and to show what amount would have been recovered in the judgment. *Jackson v. Urban, Coolidge, Pennington & Scott,* 516 S.W.2d 948, 949 (Tex. App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.); *see MND Drilling Corp. v. Lloyd,* 866 S.W.2d 29, 31 (Tex.App.—Houston [14th Dist.] 1987, no writ). In Texas, a lawyer is held to the standard of care that would be exercised by a reasonably prudent attorney. *Veschi v. Stevens,* 861 S.W.2d 291, 292 (Tex. App.—San Antonio 1993, no writ). Therefore, expert testimony of an attorney is necessary to establish this standard of skill and care ordinarily exercised by an attorney. The plaintiff is then required to controvert the expert testimony with other expert testimony. *Anderson v. Snider,* 808 S.W.2d 54, 55 (Tex.1991).

### 1. Affidavits

▆ Affidavits supporting or opposing a motion for summary judgment must be made on personal knowledge and set forth facts which would be admissible in evidence. Tex. R.Civ.P. 166a(f). Statements in an affidavit which are mere conclusions or which represent the affiant's opinion are insufficient. *See Wise v. Dallas Southwest Media Corp.,* 596 S.W.2d 533, 536 (Tex.Civ.App.—Beaumont 1979, writ ref'd n.r.e.). The affidavit must set forth facts, not legal conclusions. *Beta Supply, Inc. v. G.E.A. Power Cooling Sys., Inc.,* 748 S.W.2d 541, 542 (Tex.App.—Houston [1st Dist.] 1988, writ denied); *Harbour Heights Dev., Inc. v. Seaback,* 596 S.W.2d 296, 297 (Tex.Civ.App.—Houston [14th Dist] 1980, no writ).

▆ Further, the testimony of a lay witness is not competent to controvert an expert witness's opinion. *Anderson,* 808 S.W.2d at 55; *Nicholson v. Memorial Hosp. Sys.,* 722 S.W.2d 746, 751 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Once expert opinion establishes that the defendant's acts conformed to the standard of care, the plaintiff must offer expert testimony to contradict the defendant's expert testimony. *Tijerina v. Wennermark,* 700 S.W.2d 342, 347 (Tex. App.—San Antonio 1985), *overruled on other grounds,* 774 S.W.2d 662 (Tex.1989).

In his first point of error, appellant argues that the trial court erred because questions of fact were raised by the summary judgment proof. Appellee's summary judgment proof consisted of an affidavit by an attorney, Clem Lyons, who is board certified in medical malpractice litigation. He stated that he gained personal knowledge of the claim and the underlying case by reviewing the depositions, pleadings, discovery, statement of

facts, opinion, and judgment in the underlying litigation. He stated that his expert opinion was based on this review and his experience in the field of medical malpractice. He stated that he is familiar with the applicable standard of care for practicing attorneys in Bexar County in both the state and federal courts. He specifically addressed each of the alleged negligent actions by appellee and explained why in his opinion the actions were reasonable and within the standard of care. For example, in his analysis of appellee's alleged failure to plead a theory of informed consent, he stated that based on the facts surroundings the alleged medical errors and the child's injury, the theory was not a viable one. He also placed this analysis within the context of presenting the case in federal court with a district judge, as opposed to a jury, as the trier of fact, and the prudence of not pleading alternate theories in this context. We conclude that this affidavit was sufficient to negate, as a matter of law, the malpractice claim, because it established that appellee met the standard of care of a reasonably prudent attorney and negated the essential element of causation. *See Anderson*, 808 S.W.2d at 55.

■ To oppose this summary judgment proof, appellant presented controverting affidavits of himself and of his expert, attorney Walter Mizell, which he contends are sufficient to raise a fact issue. We first note that the affidavits of Hall and Mizell included in this record are purported to be "true and correct" copies of the affidavits filed in response to appellee's summary judgment motion in cause number 04–91–012–CV. The copies are not sworn to, lacking both signature and jurat. Instead, they are certified to be true and correct copies by a sworn affidavit executed by appellant's attorney.

■ Rule 166a requires affidavits to conform to the provisions of section 312.011(1) of the Government Code and to be based on personal knowledge. *De Los Santos v. Southwest Texas Methodist Hosp.*, 802 S.W.2d 749, 755 (Tex.App.—San Antonio 1990, no writ), *overruled on other grounds*, 876 S.W.2d 314 (Tex.1994). The Government Code defines an affidavit as "a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." TEX.GOV'T CODE ANN. § 312.011(1) (Vernon 1988). Without such notarization, the statement is not an affidavit and is not competent summary judgment proof. *Tucker v. Atlantic Richfield Co.*, 787 S.W.2d 555, 557 (Tex. App.—Corpus Christi 1990, writ denied). We assume that appellant intended to authenticate the purported affidavits under the provision that allows authentication of documents by accompanying affidavit. *See* TEX. R.CIV.P. 166a(f); *St. Paul Cos. v. Chevron, U.S.A., Inc.*, 798 S.W.2d 4, 6 (Tex.App.— Houston [1st Dist.] 1990, writ dism'd by agr.) (copies of original documents are acceptable summary judgment evidence if accompanied by properly sworn affidavit that they are true and correct copies of the originals). We conclude that the provision for authentication of documents by affidavit or certification does not apply to affidavits, which by definition must be sworn to and signed. Without these required indicia of authenticity and reliability, the attested-to facts in an affidavit cannot be used to support or oppose a summary judgment. We believe this rule is well founded in the exacting standards required in summary judgment practice. The credibility and reliability of assertions of fact that may prove to be the dispositive factors in the resolution of a case must be unquestioned.[1] We hold that the purported affidavits of Hall and Mizell are incompetent summary judg-

---

1. The instant case provides an excellent illustration of the need for the rule outlined above. The purported affidavits offered in opposition to appellee's summary judgment motion in the record before us differ in several instances from the affidavits filed in cause number 04–91–012–CV, of which they are supposed to be true copies. TEX.R.CIV.EVID. 201; *see Izaguirre v. Texas Emp. Ins. Ass'n*, 749 S.W.2d 550, 552 (Tex.App.—Corpus Christi 1988, writ denied) (appellate court may take judicial notice of its records and consider material on file in a prior appeal). One of the variances in wording deals with a phrase regarding causation that we found crucial in the previous case. A practical reason exists as well. The trial or appellate court should not be required to search through old records for an original affidavit filed in a previous cause should it wish to review the properly verified document.

ment proof to controvert appellee's motion and supporting affidavit.

## 2. Deposition

Appellant's remaining controverting evidence is the deposition of attorney Mizell, who is the appellant's cousin, and a letter from Dr. Kosoy. Mizell's deposition testimony was based on factual assertions contained in appellant's affidavit and as told to him by appellant. An expert may rely on inadmissible facts or data in forming an opinion if they are of the type reasonably relied on by other experts to make opinions or draw inferences. TEX.R.CIV.EVID. 703; *Baylor Medical Plaza Servs. Corp. v. Kidd,* 834 S.W.2d 69, 76 (Tex.App.—Texarkana 1992, writ denied). Therefore, Mizell's reliance upon hearsay does not necessarily render his opinions incompetent if hearsay is the type of evidence relied upon by attorneys in forming opinions or inferences. *See General Electric Co. v. Kunze,* 747 S.W.2d 826, 831–32 (Tex. App.—Waco 1987, writ denied). However, we do not believe that an expert witness testifying on the subject of the proper standard of legal care and alleged legal malpractice would rely solely on the factual assertions of an interested party in forming an opinion. Mizell did not testify that he had personal knowledge of the underlying medical malpractice suit, that he had reviewed the trial record, discovery, or medical records, or that he had any knowledge of how the suit was prosecuted. Because of Mizell's reliance on appellant's factual assertions without further exploration of the evidentiary background of the case, we conclude that Mizell's opinion as an expert rendered in his deposition is not based upon the type of facts or data reasonably relied on by other experts in forming their opinions in this type of case.

Moreover, Mizell's testimony fails to raise facts issues regarding the specific instances of malpractice alleged. For example, regarding the alleged failure to pursue a theory of informed consent, he stated, "I am not saying that I have an opinion as to whether informed consent would have been a great theory or not. I based my statement upon [appellant's] statement that it was a theory that you wanted to present to the judge but

because it had not been properly pleaded, he wouldn't let you present." At other points he stated to appellee, "[I]f your version of the case is that informed consent was not a viable theory . . . I'm not here to argue that"; and "So [informed consent] may have been a viable theory. That's as far as I can take it. . . ."

Regarding the alleged failure to call more fact witnesses, Mizell conceded that "there's a judgment call there about how far you go before you get a diminishing return." Regarding appellee's failure to call Dr. Kosoy as an expert witness, Mizell stated that he did not know whether Dr. Kosoy, an ear, nose, and throat specialist, was the type of expert appellee should have used instead of an anesthesiologist. In summary, we find that the Mizell deposition failed to give the legal basis or reasoning for his opinions and failed to raise a fact issue that would preclude summary judgment.

Finally, the Mizell deposition wholly failed to show that the medical malpractice suit would have been successful but for the alleged negligence of appellee and failed to address damages, thereby failing to raise genuine issues of material fact concerning two elements of appellant's cause of action, causation and damages. *See MND Drilling,* 866 S.W.2d at 31; *see also Sipes v. Petry & Stewart,* 812 S.W.2d 428, 431 (Tex.App.—San Antonio 1991, no writ) (in malpractice action, nonmovant is required to raise a fact issue as to the producing cause of damages to defeat summary judgment, once movant has complied with its burden).

## 3. Unauthenticated Document

Appellant also attached a copy of a letter from Dr. Kosoy as controverting summary judgment evidence. The letter is unauthenticated, unsworn, and unsupported by affidavit, and is therefore not entitled to consideration as summary judgment evidence. *Diaz v. Southwest Wheel, Inc.,* 736 S.W.2d 770, 773–74 (Tex.App.—Corpus Christi 1987, writ denied) (unauthenticated letter not proper summary judgment proof). Appellant's first point of error is overruled.

### Continuance

In his second point of error, appellant contends the trial court erred in not granting him additional time to take the deposition of Dr. Kosoy. Appellee's summary judgment motion was set to be heard on May 12, 1994. Appellant had set Dr. Kosoy's deposition for May 13, 1994. He asked the court for a continuance, which was denied.

Granting a motion for continuance is within the trial court's sound discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex.1986). A party who does not diligently pursue discovery cannot complain of reversible error when a continuance is denied. *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex.1988). This legal malpractice suit was first filed in 1990, and was reversed and remanded by this court in 1991. Appellant had ample time to obtain a deposition from Dr. Kosoy in the intervening years. The second point of error is overruled.

Because we affirm the summary judgment, we do not address appellee's cross points. The decision of the trial court is affirmed.

HARDBERGER and DUNCAN, JJ., concur.