**Frank COSGROVE, Petitioner,**

v.

**Walter GRIMES et al., Respondents.**

**No. C–8089.**

Supreme Court of Texas.

June 28, 1989.

Timothy H. Pletcher, Helm, Pletcher, Hogan, Bowen & Saunders, Houston, for petitioner.

George D. Gordon, Baggett & Gordon, Richard S. Browne, Houston, for respondents.

## OPINION ON MOTION FOR REHEARING

SPEARS, Justice.

Our opinion and judgment of April 19, 1989 are withdrawn and the following substituted therefor:

The issues in this case concern the applicability of the "good faith" defense in legal malpractice actions. The trial court held that the exception barred client Frank Cosgrove from recovering on his claim. The court of appeals affirmed. 757 S.W.2d 508. We reverse and render judgment for Cosgrove.

In July 1976, Cosgrove was injured when the automobile he was driving was struck from the rear by a car driven by Will Michael Stephens. Timothy Purnell was a passenger in Stephens' car at the time of the accident which occurred on Decker Drive, south of the intersection with Airhart in Baytown, Texas. The Baytown Police Department was called, and an accident report was made by the responding officer.

Soon after the accident, Cosgrove contacted attorney Ed W. Bass, Jr. regarding the accident. Cosgrove executed a power of attorney which designated Bass and Walter Grimes, also an attorney, to represent his interest in the claim. Bass apparently performed no investigation of the circumstances surrounding the case and no lawsuit was filed by Bass. Some time after this initial meeting and before July 1978, Bass notified Cosgrove that he was leaving the state and was turning his automobile collision claim over to Grimes. It is disputed at what point Grimes was notified of the circumstances surrounding the automobile collision. At some time before the statute of limitations ran, however, Grimes filed suit against Purnell.

After the statute of limitations had run, Cosgrove learned that suit had been filed against the wrong person. Grimes, alleging that he had relied on Cosgrove's information, had filed suit against the passenger in the car which struck Cosgrove, rather than Stephens, the car's driver. Cosgrove also discovered that Grimes had alleged the wrong location of the accident.

Based upon errors in the suit filed, Cosgrove sued attorneys Bass and Grimes, and another attorney, Don Hendrix.[1] Cosgrove's malpractice suit alleged negligence, breach of contract, false representations and Deceptive Trade Practices Act ("DTPA") violations under a theory of breach of implied warranty.[2] This suit was consolidated with Cosgrove's personal injury claim.

Eventually, the defendant Hendrix was dropped, and the suit against the remaining defendants proceeded to trial before a jury. Most of the evidence at trial regarding the legal malpractice claim concerned only Grimes. Grimes insisted that he had no knowledge of Cosgrove's cause of action until July 10, 1978, five days before the two-year statute of limitations would run. Grimes testified that on that date he met with Cosgrove and received information concerning the name of the party to sue and the accident's location. Grimes also stated he had not been notified that his name was on the power of attorney executed by Cosgrove, and that he had never been engaged in a partnership with Bass. Cosgrove testified that he contacted and met with Grimes shortly after Bass left the state. Cosgrove said the contact, five days before limitations ran, was actually only a telephone inquiry about the status of the case.

The jury found that Stephens, the driver of the car that hit Cosgrove, had been negligent and that such negligence was a proximate cause of the accident. The jury

---

1. After the death of Bass, his estate was made a party defendant.

2. The DTPA claim was brought under the 1977 version of that act, thus all references to the DTPA concern the act in effect in 1977.

also found that Cosgrove would probably have collected $2,000 from Stephens as damages resulting from the collision.

The jury also found that Grimes had been negligent and that such negligence was a proximate cause of damages to Cosgrove. Further, the jury found that Grimes had failed to use "reasonable and ordinary care and diligence" in prosecuting the suit arising from the automobile collision, that this failure adversely affected Cosgrove, and that $500.00 would compensate Cosgrove for the mental anguish he suffered as a result of Grimes' representation. No issues were submitted regarding the role of attorney Bass.

Grimes submitted proposed issues which included a good faith defense to a legal malpractice claim. Cosgrove objected to these issues as merely evidentiary, as submitting an inferential rebuttal issue, and as failing to properly submit all elements of any good faith defense, should one exist. The trial court submitted the two issues over Cosgrove's objections. The jury found Grimes had in good faith relied on the information given to him by Cosgrove, and based upon that information, Grimes had acted in Cosgrove's best interest.

Having received favorable jury answers on their submitted issues, both Cosgrove and Grimes moved for judgment on the verdict. Cosgrove later filed a motion to disregard the special issues concerning Grimes' good faith and whether his actions were in Cosgrove's best interest. The trial court denied this motion, and judgment was rendered that Cosgrove take nothing in his suit against the passenger, Purnell, and that he take nothing against Grimes or Bass.

The court of appeals affirmed, holding that the good faith exception to attorney negligence applied when the attorney exercised his best judgment in what he believed was his client's best interests. 757 S.W.2d 508. The court of appeals also ruled that the issue of good faith was defensive, rather than an inferential rebuttal, and thus its submission in this case was proper. Finally, the court held that Cosgrove had not properly submitted issues concerning his

DTPA claim, and thus the trial court properly denied him recovery on that cause of action.

In his application for writ of error in this court Cosgrove advances two arguments. First, he contends the good faith exception to attorney negligence should be abolished because it allows attorney conduct to be measured by a lower standard of care than that of other professions. Second, he argues that the jury's answers to the issues submitted establish his right to recover based on negligence and also breach of implied warranty under the DTPA.

■ An attorney malpractice action in Texas is based on negligence. *Fireman's Fund Amer. Ins. Co. v. Patterson & Lamberty, Inc.,* 528 S.W.2d 67 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.); *Patterson & Wallace v. Frazer,* 79 S.W. 1077 (Tex.Civ. App. 1904, no writ), *appeal after remand,* 93 S.W. 146 (Tex.Civ.App.), *rev'd on other grounds,* 100 Tex. 103, 94 S.W. 324 (1906). Some courts have held that if an attorney makes an error in judgment, but acted in good faith and in what the attorney believed was the client's best interest, the attorney is not liable for malpractice. *See e.g., Cook v. Irion,* 409 S.W.2d 475 (Tex. Civ.App.—San Antonio 1966, no writ). In the instant case the jury found that Grimes had acted in good faith in relying on the information Cosgrove allegedly furnished to Grimes, and the trial court rendered judgment for Grimes.

■ There is no subjective good faith excuse for attorney negligence. A lawyer in Texas is held to the standard of care which would be exercised by a reasonably prudent attorney. The jury must evaluate his conduct based on the information the attorney has at the time of the alleged act of negligence. In some instances an attorney is required to make tactical or strategic decisions. Ostensibly, the good faith exception was created to protect this unique attorney work product. However, allowing the attorney to assert his subjective good faith, when the acts he pursues are unreasonable as measured by the reasonably competent practioner standard, creates too great a burden for wronged clients to over-

come. The instruction to the jury should clearly set out the standard for negligence in terms which encompass the attorney's reasonableness in choosing one course of action over another.

If an attorney makes a decision which a reasonably prudent attorney *could* make in the same or similar circumstance, it is not an act of negligence even if the result is undesirable. Attorneys cannot be held strictly liable for all of their clients' unfulfilled expectations. An attorney who makes a reasonable decision in the handling of a case may not be held liable if the decision later proves to be imperfect. The standard is an objective exercise of professional judgment, not the subjective belief that his acts are in good faith. To the extent that some Texas courts have recognized an exception to attorney negligence based on the subjective good faith of the attorney, those cases are disapproved. *E.g., Tijerina v. Wennermark,* 700 S.W.2d 342 (Tex.App.—San Antonio 1985, no writ); *Medrano v. Miller,* 608 S.W.2d 781 (Tex. Civ.App.—San Antonio 1980, writ ref'd n.r. e.); *State v. Baker,* 539 S.W.2d 367 (Tex. Civ.App.—Austin 1976, writ ref'd n.r.e.);

*Hicks v. State,* 422 S.W.2d 539 (Tex.Civ. App.—Houston [14th Dist.] 1967, writ ref'd n.r.e.); *Cook v. Irion,* 409 S.W.2d 475 (Tex. Civ.App.—San Antonio 1966, no writ).

Disregarding the jury's findings concerning good faith, we must now determine whether Cosgrove may recover on his claim of malpractice. An action for negligence is based on four elements. The plaintiff must prove that there is a duty owed to him by the defendant, a breach of that duty, that the breach proximately caused the plaintiff injury and that damages occurred. *McKinley v. Stripling,* 763 S.W.2d 407 (Tex.1989).

■ In this case Cosgrove submitted seven special issues regarding his professional malpractice claim against Grimes.[3] The jury found in issue number 5 that Grimes had been negligent in his representation of Cosgrove and in issue number 6 that such negligence adversely affected Cosgrove. There is evidence in the record to support these findings.

■ Issues number 7 and 8 inquired about damages Cosgrove would have recovered and collected as a result of the

---

**3.** The five special issues relevant here are set out below:

SPECIAL ISSUE NO. 5

Do you find that Defendant Walter Grimes failed to exercise reasonable and ordinary care and diligence in applying the skill and knowledge at hand in the prosecution of the lawsuit arising from the July 15, 1976 collision?

Answer "Yes" or "No."

ANSWER: Yes

If your answer to Special Issue No. 5 was "Yes," and only in that event, then answer Special Issue No. 6 below.

SPECIAL ISSUE NO. 6

Did such failure adversely affect Frank Cosgrove?

Answer "Yes" or "No."

ANSWER: Yes

SPECIAL ISSUE NO. 7

Find from a preponderance of the evidence what sum of money, if any, if paid now in cash, would fairly and reasonably compensate Frank Cosgrove for his loss, if any, resulting from the occurrence in question?

You are to consider each element of damage separately, so as not to include damages for one element in any other element.

You are instructed that you shall award the sum, if any, that Frank Cosgrove would have in reasonable probability recovered as a result of the July 15, 1976 collision.

Consider the following elements of damage, if any, and none other and answer separately in dollars and cents, if any:

(a) Physical pain and mental anguish in the past; loss of earning capacity in the past; disfigurement in the past and physical impairment in the past.
$2,000.00

(b) Disfigurement and physical impairment that, in reasonable probability, he will suffer in the future.
$ 0

SPECIAL ISSUE NO. 8

Find from a preponderance of the evidence the amount of damages you found in Special Issue No. 7 that Frank Cosgrove would have in reasonable probability collected from WILL MICHAEL STEPHENS as a result of the collision?

Answer in dollars and cents, if any.
$2,000.00

SPECIAL ISSUE NO. 9

Find from a preponderance of the evidence what sum of money, if any, if paid now in cash, would fairly and reasonably compensate Frank Cosgrove for the mental anguish he has suffered if any, as a result of the actions of Walter Grimes in connection with his representation of Mr. Cosgrove regarding the July 15, 1976 collision?

Answer in dollars and cents, if any.

ANSWER: $500.00

collision. The two issues should have inquired as to the amount of damages recoverable and collectible from Stephens *if the suit had been properly prosecuted.* *See* 3 State Bar of Texas, *Texas Pattern Jury Charges* PJC 85.01 (1982). Although these issues were defectively submitted, Grimes failed to object to them by distinctly pointing out any error. Because Grimes waived the error in the submission, we render judgment that Cosgrove recover $2000 in accordance with the jury's finding on issues number 7 and 8. *See* Tex.R.Civ.P. 274; *see also* 34 G. Hodges & T. Guy, *The Jury Charge in Texas Civil Litigation* § 149, at 271–74 (Texas Practice 2d ed. 1988).

■ The jury found in response to issue number 9, that $500 would fairly and reasonably compensate Cosgrove for mental anguish suffered as a result of Grimes' negligence. This issue properly assessed damages incurred by Cosgrove because of Grimes' negligent handling of the first suit. Therefore, Cosgrove is entitled to recover this amount based upon the jury's finding.

■ Cosgrove also argues that issue number 5 and issue number 6 embrace a DTPA claim based on breach of an implied warranty. Assuming *arguendo* such a cause of action existed against an attorney under the 1977 version of the DTPA, the issues requested by Cosgrove did not properly place the matter before the jury. At best the language of the submission vaguely alluded to a standard of care, not to an implied warranty. Because the issue did not inquire whether Grimes breached an implied warranty, Cosgrove may not recover on such a claim. Cosgrove's failure to tender a properly worded jury issue to the court for inclusion in the jury charge constituted waiver of any ground of recovery based on the DTPA. Tex.R.Civ.P. 278.

We hold that the trial court erred in submitting issues to the jury concerning Grimes' good faith. Based on the jury's answers to the remaining issues, we reverse the judgment of the court of appeals and render judgment that Cosgrove be awarded $2500.00 as compensation for damages suffered as a result of Grimes'

negligent prosecution of Cosgrove's cause of action.