Affirmed and Opinion filed October 10, 2002









Affirmed and Opinion filed October 10, 2002.

 




 
 
 
  
 
 
 




In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00923-CV

____________

 

JOE PARKER, MAURICE WELCH, AND JERRY WILLIAMSON,
Appellants

 

V.

 

PAUL MILLER AND RICHARD SCHECHTER, P.C.,
Appellees

 



 

On
Appeal from the 113th District Court

Harris County, Texas

Trial
Court Cause No. 00-45437

 



 

O
P I N I O N

This
is a legal malpractice case.  Appellants
Joe Parker, Maurice Welch and Jerry Williamson appeal from a judgment granting appellees= no-evidence motion for summary judgment.  We affirm.

I.  Background

In
1996, appellants were employed by HLS Offshore, L.L.C. through an overseas
subsidiary named AAl Sari Trading Company.@  While they were working
in the Middle East, an employee of HLS Offshore publicly, loudly, and falsely
accused appellants of embezzling substantial sums of money.  Appellants contend they were discharged and
suffered severe damage to their reputation because of these false accusations.  Appellant Maurice Welch contacted Paul
Miller, who had represented him on previous matters, to investigate possible
remedies.  Miller agreed to represent
Welch and his two co‑plaintiffs. 

According
to Appellants, Miller failed to file a slander suit on their behalf before
expiration of the statute of limitations. 
Appellants allege that Miller failed to advise them of the impending
expiration of the statute of limitations, denying them the opportunity to
secure other counsel.  Furthermore,
appellants allege these actions violated the duty of ordinary care and
diligence owed to them which proximately caused loss of an opportunity to
pursue their slander claim.  Around March
of 1998, Miller withdrew his representation with the consent of the three
clients so that Greg Frazer could assume their representation.  Frazer secured a settlement with HLS for
$20,500.  Appellants filed a legal
malpractice suit against Miller. 
Appellants also sued Richard Schechter, P.C.,
contending Schechter was liable through the doctrine
of respondeat superior.  Both defendants filed no‑evidence
summary judgment motions under Rule 166a(I) of the
Texas Rules of Civil Procedure.  

In
his motion for summary judgment, Miller contends the plaintiffs presented no
credible summary judgment evidence to show that (1) he breached the standard of
care; (2) any such breach was a proximate cause of damages to the plaintiffs;
(3) but for the alleged breach appellants would have recovered on their slander
allegations in the underlying action; (4) appellants=
recovery would have exceeded the amount they received to settle the underlying
case; or (5) he was guilty of any conduct that justifies punitive damages.  In his motion for summary judgment, Schechter argued that (1) appellants presented no evidence
that Miller was negligent and that such negligence, if any, caused damages; and
(2) appellants= claim of apparent agency is insufficient as a matter of
law.  The trial court granted both
motions for summary judgment.  This
appeal followed.




II.  Standard of Review

A
no-evidence motion for summary judgment requires the nonmovant
to present enough evidence to be entitled to a trial.  Lampasas v. Spring Ctr., Inc., 988
S.W.2d 428, 432 (Tex. App.CHouston
[14th Dist.] 1999, no pet.).  The trial
court must grant the motion for summary judgment if the nonmovant
is unable to satisfy its burden.  Id.  The court must review the evidence in the
most favorable light to the nonmovant.  Id. (citing Merrell Dow Pharms., Inc. v. Havner, 953
S.W.2d 706, 711 (Tex. 1997)).  A
no-evidence summary judgment is improperly granted if the nonmovant
supports each element of his cause of action with more than a scintilla of
evidence.  Id.  ALess than a scintilla exists when the evidence is >so
weak as to do no more than create a mere surmise o[r] suspicion=
of fact.@  Id. (quoting Kindred v. Con/Chem., Inc., 650 S.W.2d 61, 63 (Tex. 1983)).  Support for an element amounts to more than a
scintilla and meets the burden when the evidence Arises to a level that would enable reasonable and fairminded people to differ in their conclusions.@  Id. at 432B33. (quoting
Havner, 953 S.W.2d at 711).  The party moving for summary judgment must
state the elements for which there is no evidence.  Tex.
R. Civ. P. 166a(I). 

III.  Miller=s
Motion for Summary Judgment

The
elements of a legal malpractice claim are (1) duty; (2) breach of duty; (3)
proximate cause; and (4) resulting damages. 
Peeler v. Hughes & Luce, 909 S.W.2d 494, 496
(Tex. 1995); Two Thirty Nine Joint Venture v. Joe, 60 S.W.3d 896, 904 (Tex. App.CDallas
2001, pet. filed).  A lawyer is held to
the standard of care that would be exercised by a reasonably prudent
attorney.  Cosgrove
v. Grimes, 774 S.W.2d 662, 664 (Tex. 1989).  Further, the proper measure of damages in a
legal malpractice case is the amount that would have been collectible but for
the wrongful act or omission of the attorney. 
Two Thirty Nine Joint Venture, 60 S.W.3d at 910.  Miller contends appellants failed to
introduce evidence that (1) he breached the standard of care; (2) the
complained of breach proximately caused appellants=
damages; (3) appellants would have recovered on their underlying slander claim
or that appellants would have received damages in excess of what they received
to settle the remaining claims; and (4) he was guilty of any conduct that would
justify punitive damages.  Accordingly,
we find that Miller met his burden to specifically state the elements
unsupported by evidence.  Tex. R. Civ. P. 166a(I).

The
trial court granted both Miller and Schechter=s
motions for summary judgment without stating the specific grounds on which it
relied.  When there are multiple grounds
for summary judgment and the order granting the summary judgment does not
specify on which ground the summary judgment was granted, appellants must
negate all grounds on appeal.  Lewis
v. Adams, 979 S.W.2d 831, 833 (Tex. App.CHouston [14th Dist.] 1998, no pet.). 
If an appellant fails to negate all grounds on appeal, the appellate
court must uphold the summary judgment.  Id.

Appellants
address the first ground of the summary judgment in their appeal by challenging
the necessity of offering expert testimony in support of their contention that appellee Miller was negligent in performing his
professional duty.  Appellants challenge
the second ground of the summary judgment by arguing that an expert witness is
not necessary to establish proximate cause in a legal malpractice case.  We will not address these two grounds because
our ruling on the third ground is dispositive.  Appellants fail to appeal the third ground of
the summary judgment, in which Miller argued there was no evidence that, had
the slander claim been timely pursued by Miller, appellants would have received
more money than they received in the previous settlement.  These requirements in a legal malpractice
case are commonly known as the Asuit within a suit.@  Ballesteros v. Jones,
985 S.W.2d 485, 489 (1998). 
During oral argument, appellee alleged that
the trial court struck the affidavit showing an amount collectible,
however, the appellate record has not been supplemented.  Furthermore, the proper damages inquiry
focuses on the amount of damages recoverable and collectible from the
defendant.  See Cosgrove v. Grimes,
774 S.W.2d 662, 666 (Tex. 1989).  Because appellants failed to challenge this
ground on appeal, we must uphold the trial court=s decision to grant Miller=s motion for summary judgment.

We
overrule appellants= first point of error.








IV.  Schechter=s
Motion for Summary Judgment

Under
the doctrine of respondeat superior, an employer is
vicariously liable for the negligence of an agent or employee acting within the
scope of his or her agency or employment, although the principal or employer
has not personally committed a wrong. Baptist Mem=l
Hosp. Sys. v. Sampson, 969 S.W.2d 945, 947 (Tex. 1998).  Respondeat superior
imposes liability on the employer for the acts of an employee while in the
scope of employment, where the negligence of the employee is shown to have been
the proximate cause of injury.  DeWitt v. Harris County, 904 S.W.2d 650, 654 (Tex. 1995).


As
discussed previously, because legal malpractice cases are governed by
negligence principles, there must be proof of a duty, a breach of that duty,
proximate cause, and damages.  Two Thirty Nine Joint Venture v. Joe, 60 S.W.3d at 904; Longaker v. Evans, 32 S.W.3d 725,
735 (Tex. App.CSan
Antonio 2000, pet. dism=d).  In his motion, Schechter
contends no evidence was presented for each required element of proof.  Further, Schechter
urged that appellants had the burden to show the amount of damages they would
have recovered but for the alleged attorney negligence.  As set forth previously, the measure of
damages in a legal malpractice suit includes the  Aamount
[that] would have been recovered in the [underlying] judgment.@  Hall v.
Rutherford, 911 S.W.2d 422, 424 (Tex. App.CSan Antonio 1995, writ denied); Two Thirty Nine Joint Venture,
60 S.W.3d at 910.  Therefore, to defeat Schechter=s no‑evidence motion, appellants were required
to produce more than a scintilla of evidence on each element of the legal
malpractice claim, including the amount of damages.








None
of appellants= summary judgment evidence substantiates the amount of damages
incurred.  Instead, appellants argue that
the amount of damages is a jury issue, citing Cosgrove, 774 S.W.2d
at 662.  However, Cosgrove does
not support their contention.  Next,
appellants contend that they were only required to show that a judgment in the
slander suit would have been collectible.[1]  We disagree. 
Appellants had the burden to prove the amount of damages and that
the amount was collectible.  See
Schlosser v. Tropoli, 609 S.W.2d
255, 258B59
(Tex. Civ. App.CHouston [14th Dist.] 1980, writ ref=d n.r.e.); Jackson v. Urban,
Coolidge, Pennington & Scott, 516 S.W.2d 948, 949 (Tex. App.CHouston [1st Dist.] 1974, writ ref=d
n.r.e.); Texas Pattern Jury ChargesCMalpractice, Premises & Products PJC 84.2 (2000). 
Because appellant presented no summary judgment evidence regarding the
amount of damages incurred, the trial court correctly granted Schechter=s motion for summary judgment.

Accordingly,
we overrule appellants= second point of error and affirm the trial court=s
judgment.

 

 

 

 

/s/        Charles
W. Seymore

Justice

 

Judgment rendered and Opinion filed
October 10, 2002.

Panel consists of Justices Edelman,
Seymore, and Guzman.

Do Not Publish C
Tex. R. App. P. 47.3(b).

 

 

 











[1]  They attached
an affidavit from their former employer=s chief
financial officer, who averred that the company had assets and insurance
sufficient to cover up to $3,000,000 in a debt or judgment.