In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-542 CV


____________________



NORMAN C. TOLPO, Appellant



V.



ANN DECORDOVA, EXECUTRIX OF THE ESTATE OF DONALD


DECORDOVA, AND CRUTCHFIELD, DECORDOVA &


 CHAUVEAUX, L.L.P., Appellees






On Appeal from the 172nd District Court


Jefferson County, Texas


Trial Cause No. D-166,522






OPINION


 This is a legal malpractice, breach of contract, deceptive trade practice and fee
forfeiture suit brought by Norman C. Tolpo, acting individually and in his capacity as
trustee, against Ann DeCordova, in her capacity as the Executrix of the Estate of Donald
DeCordova, and Crutchfield, DeCordova & Chauveaux, L.L.P. (1) Tolpo alleged that his
former attorney, Don DeCordova, negligently prepared and drafted a contract for
unimproved property located in Hardin County, Texas. The trial court granted summary
judgment that Tolpo take nothing. He raises three issues on appeal. We affirm.

 The motion for summary judgment filed in this suit combined traditional and no-evidence grounds. The defendants claimed they were entitled to summary judgment on the
legal malpractice/negligence claim because the plaintiff produced no evidence of any duty
breached, or that the acts or omissions of the defendants proximately caused the plaintiff's
injuries. The defendants also claimed that as a matter of law DeCordova acted as a
reasonably prudent attorney in drafting the contract. The motion asserted that as a matter
of law the claims for breach of contract, deceptive trade, and breach of fiduciary duty were
duplicative of the malpractice claim. The motion also argued that the plaintiff produced
no evidence that DeCordova breached a contract, that the defendants engaged in any
intentionally deceptive conduct, or that the defendants breached their duty of good faith
and fair dealing.

 We apply different standards of review to those portions of the motion for summary
judgment filed under Rule 166a(c) and those filed pursuant to Rule 166a(i).

 To prevail on a traditional summary-judgment motion, a movant must
show that no genuine issue of material fact exists and that it is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant who
conclusively negates at least one essential element of a cause of action is
entitled to summary judgment on that claim. Elliott-Williams Co. v. Diaz,
9 S.W.3d 801, 803 (Tex. 1999). When reviewing a summary judgment, we
take as true all evidence favorable to the nonmovant, and we indulge every
reasonable inference and resolve any doubts in the nonmovant's favor. 
Science Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997);
Friendswood Dev. Co. v. McDade & Co., 926 S.W.2d 280, 282 (Tex.
1996).


Southwestern Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002). A Rule 166a(i)
summary judgment is analogous to a directed verdict subject on appeal to a legal
sufficiency challenge.

 In reviewing a no-evidence summary judgment motion, we examine
the record in the light most favorable to the nonmovant; if the nonmovant
presents more than a scintilla of evidence supporting the disputed issue,
summary judgment is improper. King Ranch v. Chapman, 118 S.W.3d 742,
750 (Tex. 2003), [cert. denied, 124 S.Ct. 2097, 158 L.Ed.2d 711 (2004)];
Wal-Mart Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 506 (Tex. 2002). A
no-evidence summary judgment is improper if the respondent brings forth
more than a scintilla of probative evidence to raise a genuine issue of
material fact. Tex. R. Civ. P. 166a(i); Wal-Mart, 92 S.W.3d at 506. "Less
than a scintilla of evidence exists when the evidence is 'so weak as to do no
more than create a mere surmise or suspicion' of a fact." King Ranch, 118
S.W.3d at 751 (quoting Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63
(Tex. 1983)). More than a scintilla of evidence exists if it would allow
reasonable and fair-minded people to differ in their conclusions. King
Ranch, 118 S.W.3d at 751 (citing Merrell Dow Pharms., Inc. v. Havner,
953 S.W.2d 706, 711 (Tex. 1997)).


Forbes Inc. v. Granada Biosciences, Inc., 124 S.W.3d 167, 172 (Tex. 2003).


 Tolpo is a licensed real estate broker who in 1992 purchased the 47-acre tract of
unimproved property located in Silsbee, Hardin County, Texas (hereafter, "the property")
from the Resolution Trust Corporation (RTC) for $40,000. On December 1, 1998, Tolpo
executed a power of attorney in which he authorized Donald DeCordova to enter into real
estate listing agreements, to contract to sell the property, to convey the property, to
execute and deliver legal instruments relating to the sale and conveyance of the property,
to accept notes, to approve closing agreements, to receive proceeds, and to "Do everything
and sign everything necessary or appropriate to sell the Property and to accomplish the
powers set out herein." Donald DeCordova, while a partner in the law firm of
Crutchfield, DeCordova & Chauveaux, L.L.P., drafted an earnest money contract for the
sale of the property to H. David Nelams for $147,668.85. DeCordova used a pre-printed
form promulgated by the Texas Real Estate Commission. Tolpo and Nelams executed the
contract on January 24, 2000. Nelams deposited $5,000 earnest money. The contract
provided that the Buyer could, within seven days of the title commitment, object in writing
to matters disclosed in the commitment. The contract further provided that Tolpo could,
at his option, cure the objections within twenty days. The contract contained special
conditions, none of which affected the buyer's right to object to matters disclosed in the
title commitment. The contract provided seller the sole remedy of enforcing specific
performance, or terminating the contract, in which case the seller would receive the earnest
money. The title commitment, issued on January 5, 2000, revealed mineral reservations
in prior conveyances and prior easements to the city. Before the sale closed, Nelams
learned that a zoning change would allow a lumberyard to operate across the street. 
Nelams wanted out of the contract and offered to forfeit the earnest money. Tolpo refused
in mid-February. On February 18, 2000, Nelams made a written objection to nine of the
exceptions in the title commitment. Nelams purchased an eleven-acre tract of land from
a third party on April 11, 2000. Tolpo hired another attorney, Frank A. Adams, and sued
Nelams for breach of the earnest money contract. After a bench trial, the trial court
denied Tolpo's request for specific performance, awarded Tolpo the $5,000 earnest
money, and denied both parties' request for attorney fees. The trial court did not explain
why it granted one of the remedies available to the seller in the contract, but not the other,
or why no attorney fees were awarded to the prevailing party, Tolpo, as the contract
provided. It appears that no appeal was taken from the judgment entered in that case. 

 Tolpo did not instruct DeCordova to use a particular contract, and he did not dispute
the decision to use the form, as it was appropriate for the property in question. He
testified that the contract should have included the following clause: "The above tract is
subject to all prior reservations or conveyances of minerals and/or royalties of record. .
. ." That language was not required by the power of attorney, and its inclusion was not
requested by Tolpo. Tolpo testified: "Most attorneys that I've visited with include that as
part of their sales agreement, particularly on raw land." Asked which attorney, Tolpo
identified the attorney "right here," Frank Adams, and one other lawyer. Tolpo blamed
DeCordova for losing the sale. Nelams would not have been able to avoid the contract
because of the zoning change, but could object to the encumbrances on the property
because he reserved that right in the earnest money contract. The summary judgment
record contains contracts from two real estate transactions for which DeCordova was
identified as the seller's attorney. The "Dollinger" residential earnest money contract
included a special condition that only the surface estate was to be conveyed. The "Doyle"
farm and ranch contract, which a third party prepared the previous year, included the
disclaimer that the seller does not own the minerals. Although DeCordova did not draft
this contract and it appears Tolpo did not execute it, the Doyle contract concerns the 47-acre tract at issue here. Tolpo testified in his deposition that he thought DeCordova had
been involved in the transaction, and his affidavit states that DeCordova reviewed the
contract for him and that DeCordova must have known of the mineral situation. 

 Tolpo agreed in deposition that he does not know if the trial judge would have
enforced specific performance had the clause been in the contract. Nelams testified in
Tolpo v. Nelams, but the summary judgment evidence in this case does not reveal whether
Nelams would have assented to a reservation clause in the earnest money contract. Tolpo
conceded in deposition that he could not predict whether the judge would have granted
specific performance had the contract contained the language at issue. In his affidavit,
however, Tolpo testified that the judge ruled against his claim "based upon the contract not
containing the exclusionary language that was left out of the contract. . . ." The attorney
who represented Tolpo in Tolpo v. Nelams also submitted an affidavit. Although he does
not describe the standard of care, he expresses the opinion that DeCordova failed to meet
it when he failed to include a special condition that the transaction was subject to and
excluded all prior reservations of mineral and royalty interests, when he failed to review
the Doyle and Dollinger contracts (presumably as a guide for drafting the Nelams
contract), when they did not review the previous resolution of the sewer and telephone
lines on the property, and when they did not review again the original purchase papers
from the Resolution Trust Corporation.  Adams expressed the opinion that DeCordova's
past familiarity with the property should have led him to have excluded prior reservations
of minerals and royalties, and that a reasonable, prudent lawyer could not have left out
such language. Adams opined that "failure to include such exclusionary subject to
language in the earnest money contract was [sic] substantial factor in bringing about an
injury to Norman C. Tolpo, without which the injury would not have occurred because the
contract would have been closed, or Norman C. Tolpo, Trustee, would have prevailed in
the lawsuit." 

 The appellant frames the first issue, as follows:

 Whether or not Appellants provided any evidence that DeCordova, et al[sic],
were negligent and breached the standard of care of a reasonable prudent
attorney in drafting the sales contract between Tolpo, Trustee, and Dr. H.
David Nellams, or failed to properly review or investigate the need for
important language in the contract? 

 

 To recover on a claim for legal malpractice, the plaintiff must establish: (1) the
attorney owed the plaintiff a duty, (2) the attorney breached that duty, (3) the breach
proximately caused the plaintiff's injuries, and (4) damages occurred. Peeler v. Hughes
& Luce, 909 S.W.2d 494, 496 (Tex. 1995). The appellees' motion for summary judgment
attacked the elements of breach and causation. Tolpo contends that the buyer was able to
make valid objections to the title commitment because DeCordova omitted language from
the contract. The summary judgment record established that DeCordova utilized the
correct pre-printed form and followed Tolpo's instructions in preparing the contract. The
appellees argue this is sufficient to establish that he acted as a reasonably prudent attorney
in exercising his professional judgment, and that Tolpo produced no evidence that these
actions failed to meet the standard of care for a reasonable, prudent attorney. To
overcome the appellees' "no evidence" motion for summary judgment, Tolpo presented
the affidavit and deposition testimony establishing the following: three other lawyers
include the clause in sales agreements, particularly for raw land; mineral reservations were
mentioned in sales contracts in two other transactions in which DeCordova was identified
as the seller's attorney; the previous year DeCordova had reviewed a proposed sales
contract for the property and that contract stated the seller did not own the minerals; and,
in the opinion of the attorney who tried the contract suit, DeCordova's past familiarity with
the property would have caused him to exclude prior reservations of minerals and royalties
in the earnest money contract. Tolpo argues that this summary judgment evidence raises
a fact issue on breach of the standard of care. A lawyer in Texas is held to the standard
of care which would have been exercised by a reasonably prudent attorney, based on the
information the attorney had at the time of the alleged act of negligence. Cosgrove v.
Grimes, 774 S.W.2d 662, 664 (Tex. 1989). "If an attorney makes a decision which a
reasonably prudent attorney could make in the same or similar circumstance, it is not an
act of negligence even if the result is undesirable." Id. at 665. The anecdotal evidence
that other earnest money contracts address the issue of reservations and easements does not
establish that an attorney drafting an earnest money contract for unimproved property
must, in the objective exercise of professional judgment, include such a clause in any
contract to convey property. We conclude that Tolpo failed to raise a fact issue on breach
of the standard of care. Therefore, the trial court did not err in granting the appellees' "no
evidence" motion for summary judgment on that element of Tolpo's legal malpractice
cause of action. Issue one is overruled.

 The second issue presents the following question: "Whether or not Appellants
produced any evidence the Appellees' acts and omissions were the proximate cause of the
Appellants' damages?" Causation may be determined as a matter of law if the
circumstances are such that reasonable minds could not arrive at a different conclusion. 
Mackie v. McKenzie, 900 S.W.2d 445, 449 (Tex. App.--Texarkana 1995, writ denied). 
The attorney who tried Tolpo v. Nelams provided his professional opinion that, had
DeCordova inserted a reservations and easements clause in the contract, Tolpo would have
prevailed at the trial on the contract. He does not reveal his rationale, and we perceive
three very obvious flaws in Adams's statement. First, Tolpo did prevail in his lawsuit
against Nelams. It is undisputed that the trial court ordered Nelams to forfeit the earnest
money. Such a ruling required a finding that Nelams defaulted on the contract. Second,
the contract drafted by DeCordova contained a specific performance clause. Therefore,
specific performance was an available remedy. Third, the affidavit is conclusory. "A
conclusory statement of an expert witness is insufficient to create a question of fact to
defeat summary judgment." McIntyre v. Ramirez, 109 S.W.3d 741, 749 (Tex. 2003). 
See also Anderson v. Snider, 808 S.W.2d 54, 55 (Tex. 1991)(interested expert witness). 
We hold that Adams's affidavit failed to raise a fact issue on causation.

 Likewise, the evidence provided by Tolpo in his deposition and subsequent affidavit
does not raise a fact issue on causation. Tolpo's deposition testimony, in which he admits
he does not know if the trial judge would have enforced specific performance had the
reservations and easements clause been in the contract, is contradicted by his affidavit
testimony that the trial judge ruled against his claim based upon the contract not containing
the exclusionary language. The latter statement, however, is conclusory at best and
contradicted by the record of the ruling in Tolpo's favor. More importantly, the dispute
has at its core a negotiable term that would have been added as a special provision to the
standard form contract. There is no evidence in the record that Nelams would have
entered into the contract had DeCordova precluded objections by the buyer to exceptions
from coverage in the title commitment. Tolpo produced no evidence to support causation,
an essential element of his cause of action for legal malpractice. In the absence of a fact
issue to be resolved by a jury, the appellees were entitled to summary judgment under Rule
166a(i). Issue two is overruled.

 The final issue presents the following question: "Whether or not Appellant has
independent claims for breach of contract, breach of fiduciary duty and fee forfeiture, and
deceptive trade practices violations, aside from negligence claims?" First, Tolpo contends
that the appellees breached the special durable power of attorney. However, Tolpo
personally executed the earnest money contract; DeCordova did not exercise the power
granted in the special durable power of attorney, nor was he required to, as Tolpo was
personally available. DeCordova did that which he was retained to do, that is, he drafted
an earnest money contract. A complaint about the manner of its drafting sounds in tort,
not in contract. See Goffney v. Rabson, 56 S.W.3d 186, 190-94 (Tex. App.--Houston
[14th Dist.] 2001, pet. denied).

 Second, Tolpo argues he may maintain an independent action for breach of fiduciary
duty and an action to forfeit all of the fees DeCordova earned in the original transaction
with the RTC and in subsequent litigation with the son in whose name Tolpo had acquired
the property. In his response to the motion for summary judgment, Tolpo based this claim
on DeCordova's failure to disclose to Tolpo that the exclusionary language had not been
included in the contract. Tolpo personally signed the contract, so its contents were
obviously disclosed to him. Tolpo did not allege that DeCordova was engaged in self-dealing. Tolpo never claimed that DeCordova was aware of the omission, and Tolpo
admitted in his deposition that he believed it was "just a mistake." Tolpo's complaint is
that DeCordova failed to exercise the requisite degree of care in drafting the contract;
therefore, his pleadings do not state a cause of action independent of a cause of action for
negligence. See Goffney, 56 S.W.3d at 194. Furthermore, the remedy of fee forfeiture
is inherently equitable and thus largely a matter of trial court discretion as opposed to a
jury issue. See Burrow v. Arce, 997 S.W.2d 229, 246 (Tex. 1999).

 Third, Tolpo contends he may maintain a separate claim for unconscionable actions
and a failure to reveal that induced him to enter into a contract he would not otherwise
have executed. He pleaded violation of Sections 17.46(b)(23) and 17.50(a)(3) of the
Deceptive Trade Practices Act. Tex. Bus. & Com. Code Ann. §§ 17.46(b)(23),
17.50(a)(3) (Vernon 2002 & Vernon Supp. 2004). (2) The first section is not even remotely
applicable to this suit, as DeCordova drafted a contract and did not file any litigation. (3) 
Furthermore, in the context of this case, a Section 17.46(b)(24) claim (for failing to
disclose information concerning goods or services which was known at the time of the
transaction if such failure to disclose such information was intended to induce the
consumer into a transaction into which the consumer would not have entered had the
information been disclosed), as well as a Section 17.50(a)(3) claim for an unconscionable
action or course of action, cannot be maintained separate and apart from the legal
malpractice action. 

 Tolpo never contended in the course of the proceedings that DeCordova was
actually aware that he was excluding a contract term that his client required and
affirmatively misrepresented the effect of the contract. Negligent conduct, as opposed to
deceptive conduct, might be legal malpractice but is not deceptive trade. Aiken v.
Hancock, 115 S.W.3d 26, 29 (Tex. App.--San Antonio 2003, pet. denied); compare
Latham v. Castillo, 972 S.W.2d 66, 68 (Tex. 1998). Tolpo's allegations do not support
an independent cause of action under the DTPA, separate from the legal malpractice cause
of action. We hold that Tolpo's claims for breach of contract, breach of fiduciary duty,
and deceptive trade practices are merely restated claims for legal malpractice. Issue three
is overruled. 

 The "no evidence" grounds asserted in the appellees' motion for summary judgment
are meritorious, and Tolpo has not directed us to competent summary judgment evidence
in the record to establish that none of the independent grounds asserted in the motion for
summary judgment is sufficient to support the judgment. We hold that the trial court did
not err by granting a summary judgment that appellant take nothing against the appellees. 
The judgment of the trial court is affirmed.

 AFFIRMED.


 PER CURIAM



Submitted on May 27, 2004

Opinion Delivered September 30, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Donald DeCordova died after suit commenced. The executrix of his estate was
substituted as a party. References within this opinion to "DeCordova" mean Donald
DeCordova. 
2. Generally, the DTPA does not apply to claims based on the rendering of
professional services, the essence of which is the providing of advice, judgment, opinion,
or similar professional skill. See Tex. Bus. & Com. Code Ann. § 17.49(c) (Vernon
Supp. 2004). We assume the appellant is arguing the exceptions to the general rule. Id. 

3. Section 17.46(b)(23) includes in the "laundry list" of deceptive acts:

 filing suit founded upon a written contractual obligation of and signed by the
defendant to pay money arising out of or based on a consumer transaction
for goods, services, loans, or extensions of credit intended primarily for
personal, family, household, or agricultural use in any county other than in
the county in which the defendant resides at the time of the commencement
of the action or in the county in which the defendant in fact signed the
contract; provided, however, that a violation of this subsection shall not
occur where it is shown by the person filing such suit he neither knew or had
reason to know that the county in which such suit was filed was neither the
county in which the defendant resides at the commencement of the suit nor
the county in which the defendant in fact signed the contract; . . . .


Tex. Bus. & Com. Code Ann. § 17.46(b)(23) (Vernon Supp. 2004). Section 17.46(b)(23)
has existed in this form since 2001. See Act of May 25, 2001, 77th Leg., R.S., ch. 962,
§ 1, 2001 Tex. Gen. Laws 1929, 1931. Tolpo filed suit in 2002.