NUMBER 13-02-00691-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

SONIA GARCIA MORA,                                                                    Appellant,

 

                                                             v.

 

JESUS VILLALOBOS, RAMON GARCIA, AND

LAW OFFICES OF RAMON GARCIA, P.C.,                                    Appellees.

 

    On appeal from the 139th District Court of Hidalgo County,
Texas.

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 








This is an appeal of a take‑nothing judgment
entered after a jury verdict in a legal malpractice case.  Appellant, Sonia Garcia Mora, sued appellees,
Jesus Villalobos, Ramon Garcia, and the Law Offices of Ramon Garcia, P.C. (ALaw Offices@), for legal malpractice.  In four issues, appellant contends (1) the
evidence is legally insufficient to support the judgment, (2) the evidence is
factually insufficient to support the judgment, (3) the trial court erred in
granting an instructed verdict to dismiss Garcia as a defendant, and (4) the
trial court erred in dismissing the Law Offices as a defendant.  As cross‑appellants, appellees contend
the trial court erred by not awarding them costs under rule 131 of the Texas
Rules of Civil Procedure.  We modify the
trial court=s judgment and, as modified, affirm.

                                                   A.
 Factual Background

On August 16, 1990, appellant was detained at a
Dillard=s Department Store after Dillard=s employees accused her of shoplifting.  Appellant was directed to an office where she
was questioned by employees and local law enforcement officers.  Employees performed a partial strip search of
appellant, who was later escorted by law enforcement officers out of the store
in handcuffs and taken to a police station where she was arrested and charged
with theft.

After the district attorney=s office dismissed the theft charges for lack of
evidence, appellant filed suit against Dillard=s for
malicious prosecution, false arrest, negligence, intentional infliction of
emotional distress, and defamation.  The
jury answered liability questions in favor of appellant=s claims for malicious prosecution, false arrest,
and defamation.  However, the jury
determined that appellant did not suffer any damages.  Accordingly, the trial court entered judgment
for Dillard=s.  Appellant
appealed that judgment, which this Court affirmed.[1]








On January 10, 2000, appellant sued appellees,
claiming the jury found zero damages in her suit against Dillard=s because of appellees= legal
malpractice.  A jury later found that
appellees had not committed legal malpractice and the trial court signed a
take-nothing judgment.  This appeal
ensued.

                                                      B.  Instructed
Verdict

In her third issue, appellant complains the trial
court erred in granting an instructed verdict to dismiss Garcia as a
defendant.  In her fourth issue,
appellant contends the trial court erred in granting an instructed verdict to
dismiss the Law Offices as a defendant.

The record shows that at the close of appellant=s case in chief, the trial court granted Garcia=s request for a instructed verdict.  The trial court did not grant an instructed
verdict to dismiss the Law Offices as a defendant. Villalobos and the Law
Offices were both retained as defendants in the case.  Appellant=s
fourth issue is overruled.








We review the denial of an instructed verdict under
a legal sufficiency or "no evidence" standard of review.  Koepke v. Martinez, 84 S.W.3d 393, 395
(Tex. App.BCorpus Christi 2002, pet. denied).  When we review a Ano evidence@ or legal sufficiency of the evidence issue, we must
view the evidence in a light that tends to support the finding of the disputed
fact and disregard all evidence and inferences to the contrary.  Bradford v. Vento, 48 S.W.3d 749, 754
(Tex. 2001).  A no evidence issue will be
sustained when the record discloses that (1) there is a complete absence of
evidence of a vital fact, (2) the court is barred by rules of law or of evidence
from giving weight to the only evidence offered to prove a vital fact, (3) the
evidence offered to prove a vital fact is no more than a mere scintilla, or (4)
the evidence conclusively establishes the opposite of the vital fact.  Merrell Dow Pharms. v. Havner, 953
S.W.2d 706, 711 (Tex. 1997).  If there is
more than a scintilla of evidence to support the finding, the no evidence
challenge fails.  Stafford v. Stafford,
726 S.W.2d 14, 16 (Tex. 1987).  When the
evidence offered to prove a vital fact is so weak as to do no more than create
a mere surmise or suspicion of its existence, the evidence is not more than a
scintilla and, in legal effect, is no evidence. 
Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983).  More than a scintilla of evidence exists
where the evidence supporting the finding, as a whole, rises to a level that
would enable reasonable and fair‑minded people to differ in their
conclusions.  Havner, 953 S.W.2d
at 711.

Garcia was sued in his individual capacity.  He was dismissed on a motion for instructed
verdict after the trial judge concluded that no evidence had been presented
connecting Garcia to the alleged acts of malpractice outlined in appellant=s petition. 
On appeal, appellant contends the trial court=s dismissal of Garcia was improper because (1) she
and Garcia had an attorney-client relationship and (2) Garcia was vicariously
liable for the actions of Villalobos.

At trial, appellant did not respond to Garcia=s motion for instructed verdict on the issue of
vicarious liability.  Because she did not
object to Garcia=s motion for instructed verdict on the issue of
vicarious liability, we conclude appellant failed to preserve error on that
issue.  See Tex. R. App. P. 33.1(a)(1)(A); see also Sherman v. Merit Office
Portfolio, Ltd., 106 S.W.3d 135, 140-41 (Tex. App.BDallas 2003, pet. denied).

The record contains no evidence that Garcia
committed legal malpractice.  Testimony
from appellant=s expert witnesses bolstered her malpractice claim
against Villalobos only; Garcia was not implicated.  The record evidence shows that Villalobos was
assigned to, and in charge of, appellant=s case. 
Villalobos made the decisions and performed the acts that serve as the
basis for appellant=s malpractice suit. 
We conclude the trial court did not err in granting an instructed
verdict to dismiss Garcia from the case. 
Appellant=s third issue is overruled.








                                                      C.  Legal
Malpractice

In her first and second issues, appellant contends
the evidence is legally and factually insufficient to support the jury=s finding that appellees did not commit legal
malpractice.

A legal malpractice action is based on
negligence.  Cosgrove v. Grimes,
774 S.W.2d 662, 664 (Tex. 1989).  A
lawyer in Texas is held to the standard of care that would be exercised by a
reasonably prudent attorney:

If an attorney makes a decision which a reasonably
prudent attorney could make in the same or similar circumstance, it is not an
act of negligence even if the result is undesirable.  Attorneys cannot be held strictly liable for
all of their clients= unfulfilled expectations.  An attorney who makes a reasonable decision
in the handling of a case may not be held liable if the decision later proves
to be imperfect.  The standard is an
objective exercise of professional judgment, not the subjective belief that his
acts are in good faith.

 

Id. at
665.  The attorney=s conduct must be evaluated by the fact finder based
on the information the attorney has at the time of the alleged act of
negligence.  Id. at 664.  To recover on a negligence claim, a plaintiff
must prove (1) that there is a duty owed to him by the defendant, (2) that
there is a breach of that duty, (3) that the breach proximately caused the
plaintiff injury, and (4) that damages occurred.  Id. at 665 (citing McKinley v.
Stripling, 763 S.W.2d 407 (Tex. 1989)).

                                                            1.  Legal Sufficiency 








In her first issue, appellant contends the evidence
is legally insufficient to support the jury=s
finding that appellees did not commit legal malpractice.  Appellant asserts Villalobos failed to (1)
object to a conflict in the jury verdict, (2) develop and introduce appellant=s medical evidence, and (3) submit a jury question
for nominal and general damages.

When a party attacks the legal sufficiency of an
adverse finding on an issue on which she has the burden of proof, she must
demonstrate on appeal that the evidence establishes, as a matter of law, all
vital facts in support of the issue.   Dow Chem. Co. v. Francis, 46 S.W.3d 237,
241 (Tex. 2001).  In reviewing a
"matter of law" challenge, the reviewing court must first examine the
record for evidence that supports the finding, while ignoring all evidence to
the contrary.  Id.  If there is no evidence to support the
finding, the reviewing court will then examine the entire record to determine
if the contrary proposition is established as a matter of law. Id.  The issue should be sustained only if the
contrary proposition is conclusively established.  Id. 

In her suit against Dillard=s, the jury found that Dillard=s had committed malicious prosecution, but found no
damages.  Appellant points out that one
of the elements which must be pleaded and proved to recover for malicious
prosecution is that the plaintiff has suffered damages.  See Leal v. Am. Nat=l Ins. Co.,
928 S.W.2d 592, 597 (Tex. App.BCorpus Christi 1996, writ denied).  Therefore, appellant asserts, when the jury
answered Ayes@ to appellant's malicious prosecution question, it
impliedly found that appellant suffered an injury.  This finding, she argues, is in direct
conflict with the jury=s express finding of no damages.  Appellant contends that Villalobos=s failure to object to the verdict constituted legal
malpractice and effectively prevented appellant from raising the issue on
appeal.








Based on the facts of this case, we find no conflict
in the verdict.  The jury charge
instructed the jury only to award damages for past and future mental
anguish.  The charge defined mental
anguish as: 

a relatively high degree of mental pain and
distress; more than mere disappointment, anger, resentment, or
embarrassment.  It includes a mental
sensation of pain resulting from such painful emotions as grief, severe
disappointment, indignation, wounded pride, shame, despair, loss of reputation
or public humiliation.

 

Though an element of malicious prosecution involves
a finding that the plaintiff suffered Adamage,@ there is no expressed or implied mandate that such
damage rise to the level required for a finding of mental anguish.  The jury was free to find that appellant had
incurred damages B such as Adisappointment, anger, resentment, or embarrassment@ B but that she did not endure a Arelatively high degree of mental pain and distress@ as was necessary to be awarded damages under the
jury charge.  Appellant=s complaint that her medical evidence was
insufficiently developed at trial lends support to our resolution of the
alleged conflict in the jury verdict. 
Additionally, Villalobos presented testimony from two expert witnesses,
both of whom asserted that there was no conflict in the jury charge.     Appellant further complains that Villalobos
committed legal malpractice when he failed to present expert medical testimony
to bolster her mental anguish claim. 
Appellant contends that Villalobos=s failure to provide expert medical testimony
proximately caused the jury to award her zero damages.

While representing appellant, Villalobos decided not
to call the two medical experts he had retained for trial.  These experts, a medical doctor and a
psychologist who treated appellant, were to address the mental health effects
suffered by her as a result of her arrest, as well as the extent of medical
assistance she consequently sought. 
Instead, Villalobos chose to address these issues by having appellant
and her grandmother testify.








An attorney who makes a decision based on
professional judgment for his client is not negligent for alleged errors in
judgment.  Villalobos testified that he
considered many factors in deciding not to have his expert witnesses
testify.  Villalobos said that if his
experts had testified, the defense would have been able to show that appellant
only incurred minor medical expenses and easily destroy his experts= credibility. 
Villalobos was of the opinion that if appellant=s medical treatment and expenses were fully exposed
to the jury, it would more likely conclude that her damages were much less than
the two million dollars she was requesting. 
Villalobos=s decision on this issue was a matter of
professional judgment that was carried out in good faith and in the best
interest of his client.  Villalobos will
not be held liable for pursuing the course dictated by his judgment.

Appellant further contends that even if Villalobos
was correct in not having the expert witnesses testify, he still committed
legal malpractice by not acquiring additional, more credible medical experts to
testify on appellant=s behalf. 
Expert testimony, however, is only necessary when the alleged negligence
is of such a nature as not to be within the experience of the layperson.  Roark v. Allen, 633 S.W.2d 804, 809
(Tex. 1982).  The question then becomes
whether the law requires expert testimony by which the jury can evaluate the
allegation that appellant suffered from mental anguish as a result of her
arrest at Dillard=s.  We
conclude that no such requirement exists. 
Claims for mental anguish can be substantiated by testimony from either
the claimant, third parties, or experts. 
Parkway Co. v. Woodruff, 901 S.W.2d 434, 444 (Tex. 1995).








In her final legal sufficiency complaint, appellant
asserts that Villalobos committed legal malpractice by not submitting a jury
question for nominal and general damages. 
According to appellant, the failure to submit these questions not only
prevented her from recovering nominal and general damages, but the jury was
also prevented from granting her exemplary damages.

Villalobos testified that he did not want to seek a
two-million-dollar mental anguish award because he felt the jury would be
angered by the size of the request. 
However, he inevitably did so because appellant refused to accept
anything less.  Concerned about the jury=s response to that request, Villalobos decided not
to ask for nominal or general damages because he believed that doing so would
undercut the already fragile validity of their two-million-dollar request.  Expert witnesses in the malpractice suit
supported Villalobos=s concern.

After reviewing the record, we hold that appellant
has not demonstrated that the evidence establishes, as a matter of law, all
vital facts in support of legal malpractice. Appellant's legal sufficiency
challenge must fail because legal malpractice was not conclusively
established.  Appellant=s first issue is overruled.    

                                                           2.  Factual Sufficiency








In her second issue, appellant contends the evidence
is factually insufficient to support the jury=s
finding that appellees did not commit legal malpractice.  When a party attacks the factual sufficiency
of an adverse finding on an issue on which she has the burden of proof, she
must demonstrate on appeal that the adverse finding is against the great weight
and preponderance of the evidence.   Francis,
46 S.W.3d at 242.  The court of appeals
must consider and weigh all of the evidence, and can set aside a verdict only
if the evidence is so weak or if the finding is so against the great weight and
preponderance of the evidence that it is clearly wrong and unjust.  Id. 
We review the evidence, keeping in mind that it is the jury=s role, not ours, to judge the credibility of the
evidence, to assign the weight to be given to testimony, and to resolve
inconsistencies within or conflicts among the witnesses= testimony.  Corpus
Christi Area Teachers Credit Union v. Hernandez, 814 S.W.2d 195, 197 (Tex.
App.BSan Antonio 1991, no writ).

Appellant=s legal sufficiency arguments also serve as the
basis for her factual sufficiency challenge. 
She further asserts, however, that the jury=s negligence finding should be set aside because the
evidence countervailing her legal malpractice claim consisted of testimony that
was either wrongfully bolstered or improperly admitted hearsay.  Appellant concedes, however, that this
testimony was not objected to at trial and error has not been preserved for our
review.  See Tex. R. App. P. 33.1(a).  We are not at liberty to take away evidence
from the jury that was properly admitted without protest.  The jury was free to utilize the complained
of testimony in concluding that appellees did not commit legal malpractice.

After reviewing all of the evidence, we conclude
that the evidence is not so against the great weight and preponderance of the
evidence as to be clearly wrong and unjust. 
Accordingly, we hold the evidence is factually sufficient to support the
jury=s finding that appellees did not commit legal
malpractice.  Appellant=s second issue is overruled.

                                                    D.  Allocation
of Costs








On cross‑appeal, appellees contend the trial
court abused its discretion in failing to award them costs pursuant to rule 131
of the Texas Rules of Civil Procedure. 
Under rule 131, a successful party in a suit is entitled to recover all
the taxable costs it incurred.  Tex. R. Civ. P. 131.  A Asuccessful party@ is
one who obtains a judgment of a competent court of jurisdiction vindicating a
civil claim of right.  See State Farm
Mut. Auto. Ins. Co. v. Grayson, 983 S.W.2d 769, 770 (Tex. App.BSan Antonio 1998, no pet.).  For costs to be taxed otherwise, the trial
court must find good cause and state the reasons on the record.  Tex.
R. Civ. P. 141; Furr=s Supermarkets, Inc. v. Bethune, 53 S.W.3d 375, 376‑77 (Tex. 2001).  We review a trial court=s determination of good cause and assessment of
court costs under an abuse of discretion standard.  See State v. Castle Hills Forest, Inc.,
842 S.W.2d 370, 372 (Tex. App.BSan Antonio 1992, writ denied).

Appellees requested that they be awarded costs in
their motion to enter judgment.  The
trial court summarily denied the request, predicating its decision on both
parties= entitlement to their day in court.  The record does not reflect that appellant
offered any justification for not awarding costs to the appellees, nor does the
record indicate that appellees engaged in conduct to support the court's
ruling.  See Tex. R. Civ. P. 141; see also
Bethune, 53 S.W.3d at 377 (stating good cause means the prevailing party
unnecessarily prolonged the proceedings, unreasonably increased costs, or did
something that should be penalized).  

The trial court=s Aday in court@ justification does not establish a good cause basis
for refusing to tax costs in accordance with rule 131.  Because appellees were the prevailing parties
below and good cause for not awarding costs to them is not stated on the
record, we hold the trial court abused its discretion in failing to award
appellees= costs under rule 131.  Accordingly, appellees= cross‑issue is sustained.

We modify the trial court=s judgment to provide that all costs are taxed
against appellant.  As modified, the
judgment of the trial court is affirmed.

 

 

FEDERICO G. HINOJOSA

Justice

 

 

Memorandum
Opinion delivered and filed this

the
22nd day of August, 2005.











[1]
Garcia v. Dillard=s Dep=t. Stores, No. 13-96-116-CV, 1998 Tex. App.
LEXIS 133, at *3 (Tex. App.BCorpus Christi Jan. 8, 1998, pet. denied) (op. on reh=g).