United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41651
Summary Calendar

SCOTTY LYNN TAYLOR,

Plaintiff-Appellant,

versus

MATT KEIL; JOHN C. GOODSON; THE LAW FIRM
OF KEIL & GOODSON,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:03-CV-37
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Scotty Lynn Taylor, Texas prisoner # 817710, appeals the

magistrate judge's grant of summary judgment in favor of the

appellees in this legal malpractice action brought pursuant to

diversity jurisdiction.  At issue is the defendants'

representation of Taylor in connection with a solicitation-of-

capital-murder charge that was dismissed in exchange for Taylor's

agreement to a civil forfeiture of property seized during a prior

drug offense.  Taylor argues that he introduced "a substantial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

amount of evidence" which created genuine issues with regard to the issues of causation and injury. He also argues that a jury should have been allowed to resolve various factual issues, including his motive in agreeing to the civil forfeiture and the appellees' motives in securing the dismissal of the solicitation charge.

This court reviews a grant of summary judgment de novo, applying the same standards as the district court. Cates v. Creamer, 431 F.3d 456, 460 (5th Cir. 2005). A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

An attorney malpractice action in Texas is based on negligence. Cosgrove v. Grimes, 774 S.W.2d 662, 664 (Tex. 1989). A plaintiff asserting attorney malpractice must establish that "(1) the attorney owed the plaintiff a duty, (2) the attorney breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) damages occurred." Peeler v. Hugh & Luce, 909 S.W.2d 494, 496 (Tex. 1995). In order to show causation, the plaintiff must, in essence, "prove 'a suit within a suit' by demonstrating that he would have prevailed in the underlying action but for his attorney's negligence." Schlager

v. Clements, 939 S.W.2d 183, 186-87 (Tex. App.—Houston [14th Dist.] 1996, writ denied).

Taylor cannot show that the defendants proximately caused him harm in connection with the solicitation proceeding because the charge was dismissed with prejudice. See id. Accordingly, Taylor's averments regarding the motives and intent of the parties do not undermine the magistrate judge's grant of summary judgment. The magistrate judge's grant of the defendants' motion for summary judgment is affirmed. See Cates, 431 F.3d at 460; Rule 56(c).

AFFIRMED.