Opinion issued December 30, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00954-CV

———————————

Raul Resendez, Individually, and Resendez & Associates, Appellants

V.

Pat Maloney,
Jr., Individually, Law Offices of
Pat Maloney, P.C., James E. Willingham, Jr.,
Individually, AND LAW OFFICES OF JIM WILLINGHAM, P.C., Appellees



 



 

On Appeal from the 133rd District Court

Harris County, Texas



Trial Court Case No. 2006-44980

 



 

MEMORANDUM OPINION

          This
is an appeal in a legal malpractice case.  The malpractice claim arose from a suit filed
by appellants Raul Resendez and Resendez & Associates (collectively,
Resendez) against Pace Concerts, Inc., SFX Entertainment, and Pace Concerts,
Ltd. for fraudulent inducement to contract. 
In that case, Resendez did not carry his burden at trial or on appeal to
show that the doctrine of partial performance excepted his alleged contract
from the statute of frauds.  See Resendez v. Pace Concerts, No.
07-02-0168-CV, 2003 WL 22207641, at *2 (Tex. App.—Amarillo Sept. 24, 2003, pet.
denied).  After his motion for rehearing
and petition for discretionary review to the Texas Supreme Court were denied,
Resendez sued his attorneys, alleging that they committed legal malpractice by not
properly presenting his appellate arguments.

          In
the legal malpractice case, the trial court rendered summary judgment in favor
of the appellees, Resendez’s former attorneys. 
The trial court held that the summary-judgment evidence established as a
matter of law that (1) Resendez’s claims in the underlying litigation were
barred by the statute of frauds, (2) there was insufficient evidence to raise a
fact question as to partial performance or as to whether the various writings
between the parties constituted a valid and enforceable contract, and (3)
Resendez would not have been entitled to benefit-of-the-bargain damages even if
his partial performance argument were meritorious.

On appeal, Resendez contends that trial
court erred in granting summary judgment because none of the stated bases could
be sustained.  We affirm.

I.                 
Background

A.              
Former
business relationship

Resendez and Pace Concerts were
both in the business of producing and promoting live music entertainment
events.  Resendez specialized in concerts
and events involving Latin and Hispanic entertainers.  In the 1990s, Resendez worked with Pace
Concerts (and later its successor in interest, SFX Entertainment) to promote
Latin music events jointly.  Resendez
exchanged letters and memoranda with Pace Concerts and SFX Entertainment.  In these writings, the parties negotiated
terms of a potential partnership and repeatedly stated or alluded to the fact
that no partnership agreement had yet been finalized.  None of these writings was signed by a representative
of Pace Concerts or SFX Entertainment. 
Only one letter was signed by Resendez.  In it, Resendez recounted the parties’ prior
negotiations and attempted to persuade Pace Concerts of his unique and valuable
attributes as a potential partner in promoting Latin and Hispanic
entertainment.

          From
April 1997 through August 1999, Resendez and Pace Concerts jointly promoted 23
events.  In January 1998, SFX
Entertainment purchased Pace Concerts and continued to operate both under its
own name and in the name of Pace Concerts.  Both Pace Concerts and SFX Entertainment sent numerous
letters and press releases generally describing Resendez as a business partner,
mentioning Resendez’s participation in promotion of particular events, or
referring to “PACE/Resendez.”

          In
early 1999, Resendez told SFX Entertainment that a Mexican company was
interested in acquiring smaller companies that promoted Latin and Hispanic
entertainers.  SFX Entertainment was
informed that Resendez & Associates and Cardenas/Fernandez &
Associates, Inc. were both possible targets for acquisition.  SFX Entertainment began negotiating with Cardenas/Fernandez
& Associates, Inc.  Meanwhile, Resendez
proposed a significant expansion of SFX Entertainment’s Latin/Hispanic
business.  SFX Entertainment ultimately declined
the Resendez proposal, noting its interest in a continued relationship “on an
event-by-event basis.”  Shortly
thereafter, Pace Concerts sent Resendez a proposal to jointly promote an event.  Around the same time, Pace Concerts sent
letters to third parties representing that it “partnered all” and “always co-promotes”
its Latin shows with Resendez.

          SFX
Entertainment sent Resendez two letters stating its legal conclusion that no
contractual relationship or partnership existed between the parties and
emphasizing that future joint projects would continue to be on an
event-by-event basis.  Two days after SFX
Entertainment informed Resendez of its decision not to enter into a partnership,
SFX Entertainment announced that it had entered into a strategic alliance with
Cardenas/Fernandez & Associates to promote sports and entertainment events
of particular interest to the Hispanic market.

B.              
Litigation
over alleged partnership

Resendez sued Pace Concerts and SFX
Entertainment in Bexar County for breach of fiduciary duty and other causes of
action arising from their business relationship.  In response, Pace Concerts and SFX
Entertainment pleaded the statute of frauds. 
Approximately one week later, Pace Concerts and SFX Entertainment filed suit
in Harris County, seeking a declaratory judgment that they had no partnership
agreement or relationship with Resendez.

Rodney Eckerman testified in a
deposition that he had been the president of Pace Concerts and that he became
the executive vice-president and chief operating officer of SFX Entertainment.  He testified that Pace Concerts never
intended to enter into a long-term relationship with Resendez.  Pace Concerts and SFX Entertainment filed a
motion for summary judgment, and the trial court held a hearing.  Before the trial court ruled on the motion
for summary judgment, Resendez nonsuited his Bexar County lawsuit and filed a
counterclaim for fraudulent inducement to contract in the Harris County case.

          The
Harris County trial court granted summary judgment in favor of Pace Concerts
and SFX Entertainment, concluding that the enforcement of any alleged
partnership agreement was barred by the statute of frauds, that the statute of
frauds also precluded recovery for fraudulent inducement to contract, and that
benefit-of-the-bargain damages could not be awarded on a theory of fraud or
fraudulent inducement in the absence of an enforceable contract.  Resendez appealed, and his appeal was
transferred to the Amarillo Court of Appeals. 
He argued on appeal that the trial court erred in concluding as a matter
of law that benefit-of-the-bargain damages were unrecoverable on the causes of
action he alleged.  He also argued that
the statute of frauds “cannot be used as an engine of fraud.”  The court of appeals held that “Resendez
cannot assert fraud in the inducement to recover damages measured by the
benefit of the bargain when the contract manifesting the bargain is
unenforceable due to the Statute of Frauds.” 
Resendez, 2003 WL 22207641, at
*1.  The court discerned two possible
interpretations of Resendez’s argument that the statute of frauds cannot be
used an “engine of fraud”: (1) that the statute of frauds did not apply when a
party asserted a cause of action sounding in fraud and (2) that the doctrine of
partial performance applied as an exception to the statute of frauds.  Id.
at *2.  The court observed that the Texas
Supreme Court has previously held that the statute of frauds applies in
situations in which a party seeks damages for a purported fraud.  Id.  The court of appeals concluded that
Resendez’s partial performance argument was inadequately briefed, id., and affirmed the trial court’s judgment.  Id.
at *4.  Resendez’s motion for rehearing
was overruled, and the Texas Supreme Court denied his petition for
discretionary review and motion for rehearing.

C.              
Malpractice litigation

Resendez sued Pat Maloney, Jr.,
James E. Willingham, Jr., and their respective law firms based on their
representation in the litigation against Pace Concerts and SFX Entertainment.  In the malpractice suit, Resendez alleged
that his attorneys “cast [his claim] in the form of a fraudulent inducement to
enter into a contract claim while continuing to seek benefit-of-the-bargain
damages.”  Resendez alleged that Maloney
and Willingham were negligent in representing him both at trial and on
appeal.  

Maloney and Willingham filed
motions for summary judgment as to causation. 
Maloney argued that the claims against Pace Concerts and SFX
Entertainment were barred by the statute of frauds and, as a matter of law,
Resendez was not entitled to benefit-of-the-bargain damages on a partial
performance theory.  Maloney also argued
that there was no evidence of a contract that complied with the statute of
frauds or of acts of partial performance sufficient to prove an exception to
the statute of frauds.  Willingham also argued
that benefit-of-the-bargain damages are not available in a contract case under
a partial performance theory and that there was no evidence of multiple
writings and documents that satisfied the statute of frauds.

          Resendez
responded to the motions for summary judgment by filing affidavits from two
attorneys who opined that Maloney and Willingham committed malpractice at both
the trial and appellate levels, specifically by failing to raise and argue the
partial performance exception to the statute of frauds.  Maloney objected to the affidavits because
they stated legal conclusions and were “impermissible arrogations of the
judicial function.”

          The
trial court overruled the objections to the affidavits, granted Maloney’s and
Willingham’s motions for summary judgment, and entered a final judgment that
Resendez take nothing by his malpractice lawsuit.  Resendez appealed.

II.              
Standards of review

A.              
Summary judgment

We review de novo the trial court’s
ruling on a motion for summary judgment.  Mann
Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848
(Tex. 2009).  We review the evidence
presented in the motion and response in the light most favorable to the party
against whom the summary judgment was rendered, crediting evidence favorable to
that party if reasonable jurors could, and disregarding contrary evidence unless
reasonable jurors could not.  Id.;
see City of Keller v. Wilson, 168
S.W.3d 802, 827 (Tex. 2005); Johnson v.
Brewer & Pritchard, P.C., 73 S.W.3d 193, 208 (Tex. 2002).  We must review all of the summary-judgment
grounds on which the trial court ruled that are dispositive of the appeal, and
we may consider any other grounds on which the trial court did not rule.  See
Baker Hughes, Inc. v. Keco R. & D., Inc., 12 S.W.3d 1, 5 (Tex. 1999)
(citing Cincinnati Life Ins. Co. v. Cates,
927 S.W.2d 623, 624 (Tex. 1996)).  However,
issues not expressly presented to the trial court by written motion, answer, or
other response shall not be considered as grounds for reversal.  Tex. R.
Civ. P. 166a(c); see Via Net v.
TIG Ins. Co., 211 S.W.3d 310, 313 (Tex. 2006).

The party moving for traditional
summary judgment bears the burden of showing that no genuine issue of material
fact exists and that it is entitled to judgment as a matter of law.  Tex. R.
Civ. P. 166a(c); see also
Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215–16
(Tex. 2003).  A defendant must disprove
at least one of the essential elements of the plaintiff’s causes of action to
prevail on summary judgment.  Elliott-Williams Co., Inc. v. Diaz, 9 S.W.3d
801, 803 (Tex. 1999); see Sci. Spectrum,
Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997).  Alternatively, a defendant may obtain summary
judgment based on an affirmative defense by proving all the essential elements
of the affirmative defense as a matter of law. 
See KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp., 988 S.W.2d
746, 748 (Tex. 1999); Leach v. Conoco,
Inc., 892 S.W.2d 954, 959 (Tex. App.—Houston [1st Dist.] 1995, writ dism’d
w.o.j.).  “The nonmovant has no burden to
respond to a summary judgment motion unless the movant conclusively establishes
its cause of action or defense.”  M.D. Anderson Hosp. & Tumor Inst. v.
Willrich, 28 S.W.3d 22, 23 (Tex. 2000).  However, once the defendant produces sufficient
evidence conclusively establishing his right to summary judgment, the burden of
proof shifts to the plaintiff to present evidence sufficient to raise a fact
issue.  Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995)
(citing “Moore” Burger, Inc. v. Phillips
Petroleum Co., 492 S.W.2d 934, 936–37 (Tex. 1972)). 

A no-evidence motion for summary
judgment is in essence a directed verdict granted before trial, to which we
apply a legal-sufficiency standard of review.  King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750–51 (Tex. 2003).  A no-evidence summary judgment motion must be
granted if, after an adequate time for discovery, (1) the moving party asserts
that there is no evidence of one or more essential elements of a claim or
defense on which an adverse party would have the burden of proof at trial and
(2) the non-movant fails to produce more than a scintilla of summary judgment
evidence raising a genuine issue of material fact on those elements.  Tex. R.
Civ. P. 166a(i).  A party moving
for no-evidence summary judgment must specifically state the element or
elements of a claim for which there is no evidence.  Id.;
Green v. Indus. Specialty Contractors,
Inc., 1 S.W.3d 126, 130 (Tex. App.–Houston [1st Dist.] 1999, no pet.).  A no-evidence summary judgment will be
sustained when (1) there is a complete absence of evidence of a vital fact, (2)
the court is barred by rules of law or of evidence from giving weight to the
only evidence offered to prove a vital fact, (3) the evidence offered to prove
a vital fact is no more than a scintilla, or (4) the evidence conclusively
establishes the opposite of a vital fact.  King
Ranch, 118 S.W.3d at 751.  We view
the evidence in the light most favorable to the non-movant, disregarding all
contrary evidence and inferences.  See Merrell
Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).

B.              
Legal malpractice

To prevail on a legal malpractice
claim, a plaintiff must prove that (1) the attorney owed a duty to the plaintiff;
(2) the attorney breached that duty; (3) the breach proximately caused the
plaintiff’s injury; and (4) the plaintiff suffered damages.  See Cosgrove v. Grimes,
774 S.W.2d 662, 665 (Tex. 1989).  An
attorney owes to his client a duty to act with ordinary care, that is, in a
manner consistent with the standard of care that would be expected to be
exercised by a reasonably prudent attorney.  See id.
at 664.  The “standard is an objective
exercise of professional judgment, not the subjective belief that [the
attorney’s] acts are in good faith.”  Id. at 665.  “[A] lawyer can commit professional negligence
by giving an erroneous legal opinion or erroneous advice, by delaying or
failing to handle a matter entrusted to the lawyer’s care, or by not using a lawyer’s
ordinary care in preparing, managing, and prosecuting a case.”  Murphy
v. Gruber, 241 S.W.3d 689, 693 (Tex. App.—Dallas 2007, pet. denied); see Alexander v. Turtur & Assocs., Inc.,
146 S.W.3d 113, 119 (Tex. 2004).

The plaintiff must demonstrate that
any alleged damages, including attorney’s fees, were proximately caused by the
breach of a duty by the defendant.  See Cosgrove, 774 S.W.2d at 665; Judwin Props., Inc. v. Griggs & Harrison,
911 S.W.2d 498, 507 (Tex. App.—Houston [1st Dist.] 1995, no writ).  “When a legal malpractice claim arises from
prior litigation, the plaintiff has the burden to prove that ‘but for’ the
attorney’s breach of duty, he or she would have prevailed on the underlying
cause of action and would have been entitled to judgment.”  Greathouse
v. McConnell, 982 S.W.2d 165, 172 (Tex. App.—Houston [1st Dist.] 1998, pet.
denied) (articulating “suit within a suit” requirement); see also Alexander, 146 S.W.3d at 117; Duerr v. Brown, 262 S.W.3d 63, 76 (Tex. App.—Houston [14th Dist.] 2008,
no pet.).

Ordinarily, causation is a question
of fact.  See Grider v. Mike O’Brien,
P.C., 260 S.W.3d 49, 55 (Tex. App.—Houston [1st Dist.] 2008, pet.
denied).  In a legal malpractice suit
arising from a prior litigation, causation generally must be proved by expert
testimony.  Alexander, 146 S.W.3d at 119.  This is so because “the wisdom and
consequences of . . . tactical choices made during litigation are generally
matters beyond the ken of most jurors.  And
when the causal link is beyond the jury’s common understanding, expert
testimony is necessary.”  Id. at 119–20.  However, when causation is a question of law,
expert testimony is not required.  See Zenith Star Ins. Co. v. Wilkerson,
150 S.W.3d 525, 531–32 (Tex. App.—Austin 2004, no pet.).  Causation is a question of law when the
plaintiff alleges that his attorney committed malpractice by failing to raise a
certain defense and the question before the court is whether the defense was
legally valid.  Id. at 531.  Causation is
also a question of law when a plaintiff alleges appellate legal malpractice because
“the question of whether an appeal would have been successful depends on an
analysis of the law and the procedural rules.” 
Grider, 260 S.W.3d at 55.

III.          
Statute of
frauds

As pertinent to Resendez’s original
claims against Pace Concerts and SFX Entertainment, the statute of frauds
provides that an agreement that is not to be fully performed within one year is
not enforceable unless it is in writing and signed by the party to be charged
with it.  See Tex. Bus. & Com.
Code Ann. § 26.01(a), (b)(6) (Vernon 2009).  “If a contract explicitly calls for
performance over a period longer than one year, the mere theoretical
possibility of termination of the contract within one year because of death or
another fortuitous event does not take the contract out of the statute of
frauds.”  Welch v. Coca-Cola Enter.,Inc., 36 S.W.3d 532, 538 (Tex. App.—Tyler
2000, pet. withdrawn) (citing Chevalier
v. Lane’s Inc., 147 Tex. 106, 213 S.W.2d 530, 532 (1948)).  Whether a contract falls within the statute
of frauds is a question of law to be decided by the court, Exxon Corp. v. Breezevale Ltd., 82 S.W.3d 429, 436 (Tex.
App.—Dallas 2002, pet. denied), but whether an exception to the statute of
frauds applies is generally question of fact. 
Adams v. Petrade, Int’l, Inc.,
754 S.W.2d 696, 705 (Tex. App.—Houston [1st Dist.] 1988, writ denied).

“The writings relied on to satisfy
the statute of frauds must be complete within themselves in every material
detail, and must contain all the essentials of a contract so that the agreement
may be ascertained from the writings without resort to parol testimony.”  Welch,
36 S.W.3d at 538 (citing Cohen v.
McCutchin, 565 S.W.2d 230, 232 (Tex. 1978)).  To satisfy the statute of frauds, a
memorandum of an agreement must be signed by the party to be charged with the
agreement.  Crowder v. Tri-C Res., Inc., 821 S.W.2d 393, 396 (Tex. App.—Houston
[1st Dist.] 1991, no writ) (citing Cohen,
565 S.W.2d at 232).  In addition, “[i]f
the memorandum consists of two documents, the second document must refer to the
first one.”  Id.  Finally, “[u]nder Texas
law, a writing that contemplates a contract or promise to be made in the future
does not satisfy the requirements of the statute of frauds.”  Hartford
Fire Ins. Co. v. C. Springs 300, Ltd., 287 S.W.3d 771, 778 (Tex.
App.—Houston [1st Dist.] 2009, pet. denied). 
“Writings that contain ‘futuristic’ language are insufficient to confirm
that a contract or promise is already in existence.”  Id.

Resendez alleged the existence of a
ten-year agreement to promote entertainment events with Pace Concerts.  Because this alleged agreement contemplated
performance over a period longer than one year, the alleged agreement falls
within the ambit of the statute of frauds. 
See Tex. Bus. & Commerce Code Ann. § 26.01(a), (b)(6).

Resendez does not argue that a
single signed document evidences this agreement.  Rather, he relies on Central Power & Light Co. v. Del Mar Conservation Dist., 594
S.W.2d 782, 789 (Tex. Civ. App.—San Antonio, writ ref’d n.r.e.), for the
proposition that the requirement of a signed writing may be satisfied by a
series of writings, and he argues that the multiple letters and memoranda
exchanged between the parties are some evidence that he could satisfy the
statute of frauds.

The letters and memoranda exchanged
by the parties demonstrate their attempt to negotiate a partnership
agreement.  For example, Pace Concerts
sent Resendez an unsigned memorandum that stated, “The information contained in
this outline should not be construed as a firm offer, but rather as a starting
point to determine if all of the related parties are in agreement to move this
potential partnership forward.”  Resendez
later wrote to Pace Concerts and explained his disappointment about the
relationship as it had evolved between the parties.  He implicitly acknowledged that the parties
did not have a written contract when he expressed his reservations about “going
further without a written and specific plan of participation,” and he
reiterated what terms of partnership would be acceptable to him.  These documents that suggest the parties might
enter into a partnership at some time in the future are insufficient to satisfy
the writing requirement of the statute of frauds.  See Hartford
Fire, 287 S.W.3d at 778.  In
addition, none of the documents exchanged between the parties and submitted as
summary judgment proof were signed by a representative of Pace Concerts or SFX
Entertainment.  The lack of a signature
by a person authorized to bind Pace Concerts or SFX Entertainment renders the
remaining documents insufficient to satisfy the statute of frauds.  See Crowder,
821 S.W.2d at 396.

In Central Power & Light, the San Antonio Court of Appeals held
that a series of letters was sufficient to satisfy the statute of frauds
because they were signed by the party to be charged and because, taken
together, the signed letters contained all the relevant terms of the parties’
agreement.  Cent. Power & Light, 594 S.W.2d at 788–90.  Here, the summary-judgment proof includes some
letters to third parties signed by representatives of Pace Concerts or SFX
Entertainment that refer to Resendez as a partner or imply a partnership.  But none of these signed letters or documents
specifically suggests a partnership in the legal sense of that term or describes
the terms of the agreement that Resendez alleges he had with Pace Concerts and
SFX Entertainment.  Therefore, these
documents are insufficient to satisfy the statute of frauds.

IV.          
Partial performance 

Partial performance of a contract
is an equitable exception to the statute of frauds.  See Exxon
Corp., 82 S.W.3d at 439.  “Under the
partial performance exception to the statute of frauds, contracts that have
been partly performed, but do not meet the requirements of the statute of
frauds, may be enforced in equity if denial of enforcement would amount to a
virtual fraud.”  Id.  Virtual fraud means that
because of his reliance on the contract, a party has suffered a substantial
detriment for which he has no adequate remedy, and the other party would reap
an unearned benefit if permitted to invoke the statute of frauds.  See id.  However, the acts constituting partial
performance must be unequivocally referable to the agreement and corroborative
of the fact that a contract actually was made. 
Id.  They must be such as could have been done for
no other reason than to fulfill the particular agreement sought to be enforced;
otherwise, they do not tend to prove the existence of the otherwise unenforceable
agreement relied upon by the plaintiff.  Id. at 439–40.

We have conducted a de novo review
of the summary-judgment proof attached to the two expert affidavits that
Resendez filed in response to the motions for summary judgment.  The summary-judgment evidence shows that
while Resendez was negotiating a potential partnership with Pace Concerts and
SFX Entertainment, he jointly promoted 23 events with them.  Three officers of Pace Concerts and SFX
Entertainment testified by deposition that they had no partnership agreement
with Resendez and that they worked with him on an event-by-event basis.  Resendez testified by deposition that he and
Pace Concerts agreed to partnership terms on March 18, 1997, and that they
jointly produced 20 to 25 events under those terms.  However, nothing about the fact of their
joint promotion or production of these events is solely referable to the
alleged ten-year contract; rather, these actions are equally referable to
either an event-by-event joint promotion arrangement or some other contractual
arrangement.  See id.  Therefore, Resendez
has no evidence of at least one element of partial performance.

Resendez argues that his two expert
affidavits are some evidence of partial performance because each opined that
Resendez would have prevailed in his underlying suit if his attorneys had
properly raised partial performance at trial and on appeal.  But in this case, causation was a question of
law because it turned on the availability of a defense and alleged appellate
malpractice.  See Zenith Star Ins. Co., 150 S.W.3d at 531–32; see also Grider, 260 S.W.3d at 55.  Because we review legal questions de novo,
the proffered legal opinions are irrelevant to the issue of partial
performance.

*        *        *

We hold that the trial court did
not err in granting final, summary judgment because, as a matter of law,
Resendez’s case was barred by the statute of frauds and there was no evidence
as to at least one element of partial performance.  We overrule Resendez’s sole issue.  Because of this disposition, we need not
address Resendez’s argument regarding the availability of
benefit-of-the-bargain damages.  Likewise,
we do not reach Maloney’s cross-point regarding his objections to the expert
affidavits.

CONCLUSION

          We
affirm the judgment of the trial court.

 

 

 

                                                                   Michael
Massengale

                                                                   Justice

 

Panel
consists of Chief Justice Radack and Justices Higley and Massengale.